IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JAN 31 2013

COURT OF APPEALS
DIVISION TWO

KRISTIE CHAMPLIN and PATRICK          )
CHAMPLIN, wife and husband;           )
SHARON STOPINSKI, individually; and   )
SKIPTON AND ASSOCIATES, an            )          2 CA-CV 2012-0090
Arizona corporation,                  )          DEPARTMENT A
                                      )
                        Appellees,    )          O P I N I O N
                                      )
          v.                          )
                                      )
BANK OF AMERICA, N.A.,                )
                                      )
                        Appellant.    )
_____)

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV201104076

Honorable Gilberto V. Figueroa, Judge

REVERSED AND REMANDED

Douglas F. Dieker, P.C.
  By Douglas Dieker                                            Scottsdale
                                                     Attorneys for Appellees

Quarles & Brady LLP
  By Brian A. Howie, Lauren E. Stine,
    and Sarah R. Anchors                                          Phoenix
                                                     Attorneys for Appellant

E C K E R S T R O M, Presiding Judge.

¶1	This interpleader action concerns the distribution of insurance funds following a fire that destroyed a mortgaged residential property. The defendant/appellant Bank of America, N.A., appeals from the default judgment entered against it. The bank argues (1) the entry of default in this case is void and had to be set aside because a copy of the application for entry of default was not timely mailed pursuant to Rule 55(a), Ariz. R. Civ. P.,[1] and (2) the trial court erred in concluding the bank's failure to file an answer was grounds for denying the motion to set aside. For the reasons that follow, we reverse the court's ruling on the motion to set aside the entry of default and remand for further proceedings.

**Background**

¶2	The relevant procedural facts are as follows. The plaintiff, Allstate Property and Casualty Insurance Company, filed its complaint on November 17, 2011, and personally served process upon Bank of America through the bank's statutory agent, CT Corporation Systems, the next day. On February 2, 2012, Allstate filed an application and affidavit for entry of default against the bank, which the clerk of the court entered. In the affidavit, Allstate's attorney avowed she had sent a copy of the application "[o]n the date of this Affidavit" via first class mail to the bank's statutory agent. Counsel signed the affidavit on February 1. In a subsequent motion, counsel stated a copy of the application had been sent "on the same day" it was filed, meaning February 2. The entry

---

[1]Throughout this decision, we refer to the version of Rule 55(a) in effect in 2012. *See* Ariz. Sup. Ct. Order No. R-10-0034 (Sept. 1, 2011); 154 Ariz. LVI, XCVIII (1987); 144 Ariz. XXXV-XXXVI (1985).

of default was signed and dated by the clerk of the superior court, but the "certificate of mailing or delivery" on the document was left undated and unsigned.

¶3        The codefendants and appellees—Kristie and Patrick Champlin, Sharon Stopinski, and Skipton and Associates—claimed an interest in the insurance funds and filed a timely answer through their attorney, Douglas Dieker.  Bank of America, however, neither appeared nor defended in a timely fashion.  On March 5, Allstate filed a motion for default judgment against the bank, lodging a form of judgment with the trial court.

¶4        On March 7, before the court took further action, Bank of America filed a motion to set aside the entry of default.  In support of its motion, the bank attached a "Service of Process Transmittal" document prepared by CT Corporation that stated the application for entry of default had been received "by regular mail on 02/22/2012" and had been "postmarked on 02/15/2012."  In a reply, the bank attached two additional items as evidence to support its claim that the application had not been mailed until that date: (1) a copy of an envelope from Allstate's law firm to CT Corporation, postmarked February 15; and (2) copies of the application and entry of default contained therein, with the latter bearing a completed certificate of mailing showing it was sent on February 15.

¶5        Allstate did not oppose the motion to set aside.  The appellees opposed the motion but not on the ground that notice actually had been provided on February 1, as counsel for Allstate originally had avowed.[2]  During argument on the motion, the parties

_____

[2]The appellees mistakenly asserted that the application had been mailed to Bank of America in January 2012.  They have since retracted this argument.

3

did not appear to dispute that the copy of the application had, in fact, been mailed on February 15, as Bank of America maintained. Nevertheless, the court denied the motion to set aside the entry of default, making the following determinations:

> Service was complete upon mailing. So by the time that [the copy of the application] was mailed, more than ten days had elapsed since the Application for Entry of Default, and Entry of Default, which was signed by the Clerk of the Court . . . on 2 February 2012. However, even after service of that document, the bank did not file an Answer, has to this date not filed an answer.
>
> The court finds that the defendant Bank of America was given proper notice, that default was properly entered, [and] that there is no excusable neglect.

¶6        The trial court subsequently entered default judgment and an order for distribution of the funds deposited via interpleader. Bank of America filed a motion for reconsideration, which the court denied. This timely appeal followed the entry of judgment.

## Discussion

Default

¶7        As it argued below, Bank of America contends it received inadequate notice because a copy of the application for entry of default was not mailed in a timely manner. The bank therefore contends the trial court erred in denying its motion to set aside the entry of default pursuant to Rule 55(c).

¶8        We review a trial court's ruling on such a motion for a clear abuse of discretion. *Gen. Elec. Capital Corp. v. Osterkamp* (*Osterkamp I*), 172 Ariz. 185, 188, 836 P.2d 398, 401 (App. 1992). A court abuses its discretion when it misapplies a law or

4

legal principle, *City of Phx. v. Geyler*, 144 Ariz. 323, 329, 697 P.2d 1073, 1079 (1985), or predicates its decision on an error of law. *State v. Mohajerin*, 226 Ariz. 103, ¶ 18, 244 P.3d 107, 112 (App. 2010); *see also Fuentes v. Fuentes*, 209 Ariz. 51, ¶ 23, 97 P.3d 876, 881 (App. 2004).

¶9 The entry of default is governed by Rule 55(a). In situations like the one here, when the whereabouts of an unrepresented defaulting party are known, "a copy of the application for entry of default shall be mailed to the party claimed to be in default." Ariz. R. Civ. P. 55(a)(1)(i). The clerk's entry of default does not take effect until ten days after the application is filed. Ariz. R. Civ. P. 55(a)(2). This procedure gives the party in default an automatic ten-day grace period in which to file an answer and cure the default. *Corbet v. Superior Court*, 165 Ariz. 245, 247, 798 P.2d 383, 385 (App. 1990); *accord In re Estate of Lewis*, 229 Ariz. 316, ¶ 28, 275 P.3d 615, 625 (App. 2012).

¶10 Rule 55 allows the entry of default only upon adequate notice to the defaulting party. *Ruiz v. Lopez*, 225 Ariz. 217, ¶ 18, 236 P.3d 444, 449 (App. 2010). The rule is designed to "virtually eliminate[] any claim of lack of notice as a basis for setting aside a default," *Osterkamp I*, 172 Ariz. at 189-90, 836 P.2d at 402-03, and "requir[es] notice prior to the entry of default." Ariz. R. Civ. P. 55(a)(4). Thus, when a party seeking the entry of default fails to provide the notice required by Rule 55(a)(1), the entry of default is ineffective and must be set aside. *Ruiz*, 225 Ariz. 217, ¶ 21, 236 P.3d at 450.

¶11 Here, the trial court either found or presumed that a copy of the application was not mailed until February 15—nearly two weeks after the entry of default—but determined such notice was or could be "proper." Whatever the precise determination,

5

the court erred as a matter of law by concluding that a delay in mailing the notice would not necessarily invalidate the entry of default and preclude a default judgment.

**¶12**     The appellees maintain that a delayed mailing should not be fatal to an application for entry of default. Rather, they suggest that a delayed notice merely triggers a delayed grace period within which an appellant can answer or otherwise defend against a complaint so as to prevent the entry of judgment. And, they emphasize that Bank of America failed to answer or otherwise defend within ten days of the delayed notice here. The appellees also point out that *Ruiz*, a case wherein the defending party received no valid notice whatsoever, does not squarely contemplate this scenario. *See id.* ¶ 4. Although the appellees' suggested treatment of a delayed notice is not illogical, it is not the procedure specified by the language of Rule 55.

**¶13**     As with statutes, we interpret court rules so as to give effect to the drafters' intent. *See Chronis v. Steinle*, 220 Ariz. 559, ¶ 6, 208 P.3d 210, 211 (2009). We look first to the plain language of the rule to determine that intent. *Blair v. Burgener*, 226 Ariz. 213, ¶ 12, 245 P.3d 898, 902 (App. 2010). If the language is clear and unambiguous, we will give it effect without employing other methods of construction. *Id.* And when determining whether language is clear and unambiguous, we look to all provisions of the rule. *See Anderson v. Valley Union High Sch., Dist. No. 22*, 229 Ariz. 52, ¶ 8, 270 P.3d 879, 883 (App. 2012).

**¶14**     As noted above, Rule 55 plainly requires "notice prior to the entry of default." Ariz. R. Civ. P. 55(a)(4). The rule also expressly provides that "[a] default entered by the clerk shall be effective ten (10) days after the filing of the application for

6

entry of default." Ariz. R. Civ. P. 55(a)(2). When we read these two provisions in harmony, as we must, *see State v. Tillmon*, 222 Ariz. 452, ¶ 8, 216 P.3d 1198, 1200 (App. 2009), we conclude that in order to provide notice that default will be effective ten days from the filing of the application, the notice must be provided either before, or simultaneously with, that filing.[3] We are not empowered to redraft the rule to allow the party seeking the entry of default to provide notice to the other party after the filing of the application, as the appellees essentially urge us to do. *See Rivera-Longoria v. Slayton*, 228 Ariz. 156, ¶¶ 17, 21-22, 264 P.3d 866, 869, 870 (2011) (usual ordinary meaning of rule must be applied unless doing so would create absurd result; policy implications of rule best addressed through supreme court's rulemaking process); *Craig v. Craig*, 227 Ariz. 105, ¶ 15, 253 P.3d 624, 626 (2011) (change to rules of procedure "should occur through rulemaking," not judicial opinion). Furthermore, requiring notice contemporaneously with the filing does not impose an undue hardship on a plaintiff. If the plaintiff fails to provide timely notice, it need only re-file the application accompanied by proper notice. A delayed notice, however, does not comply with the terms of Rule 55(a). And if Rule 55(a) was not complied with here, default could not occur by this mechanism, *see Lewis*, 229 Ariz. 316, ¶ 28, 275 P.3d at 625, making irrelevant the trial court's observation that Bank of America did not file an answer.

---

[3]We do not interpret the prior-notice language in Rule 55(a)(4) to prohibit mailing a copy of an application the same day it is filed. There is no evidence that this provision, which expressly concerns the applicability of Rule 55(a), was intended by our supreme court to depart from the customary practice of serving documents upon their filing.

7

¶15 For the first time on appeal, the appellees emphasize the importance of the affidavit filed by counsel for Allstate, which avowed a copy of the application had been mailed on February 1. Based on this document, the appellees now hypothesize that notice properly was mailed on this date and that another copy of the entry of default was sent on February 15. The appellees further assert, incorrectly, that the trial court "rejected th[e] evidence" offered by Bank of America showing a copy of the application had been sent only on the later date. In the court's findings, it did state that the copy of the envelope Bank of America had furnished "purports to establish that [the bank] . . . did not receive the Notice of Default and the Entry of Default until on or about February 15." As noted above, however, when the court denied the bank's motion, it at least presumed the application had been mailed on February 15.

¶16 To the extent the trial court actually found a copy of the application was mailed February 15 rather than February 1 or 2, the record would amply support this factual determination, and we necessarily would defer to it. *See In re $26,980.00 U.S. Currency*, 199 Ariz. 291, ¶ 10, 18 P.3d 85, 89 (App. 2000) (appellate court must accept findings supported by substantial evidence). Such a determination would preclude a default judgment based upon the February 2 entry of default. If, on the other hand, a disputed factual issue exists on remand regarding when the application was first mailed, the trial court may resolve this issue after a further hearing. If the court concludes that the mailing occurred on February 1 or 2, then the entry of default would be effective and

8

the court would be required to evaluate whether Bank of America has established good cause to set aside the entry of default.[4]

¶17    We note that an attorney's duty of candor to a tribunal required trial counsel for Allstate to fully disclose her knowledge about whether the application avowed to have been mailed on a certain date actually was delayed. *See* E.R. 3.3(a)(1) & cmt. 3, Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42 (prohibiting counsel from knowingly "mak[ing] a false statement of fact . . . to a tribunal or fail[ing] to correct a false statement of material fact . . . previously made to the tribunal by the lawyer," and requiring that assertions in affidavits be true or reasonably believed to be true). Simply filing a non-opposition notice, as she did here, is insufficient to discharge this duty when an opposing party has raised a claim contradicting an avowal of service. The factual dispute now presented in this appeal arises from a lack of clarity in the record that may be dispelled by a candid, express statement from counsel about what documents Allstate had served, to whom, and when.

Attorney Fees and Costs

¶18    Both parties have requested an award of attorney fees and "costs" incurred on appeal, with Bank of America citing A.R.S. § 12-341 and Rule 21, Ariz. R. Civ.

---

[4]Under that circumstance, Bank of America's failure thereafter to file an answer—an event the trial court focused on at the original hearing—would not be pertinent to determining whether the bank has shown good cause to set aside the default. Indeed, the filing of an answer provides no remedy once a default has been entered. *See Osterkamp I*, 172 Ariz. at 188, 190, 836 P.2d at 401, 403 (answer invalid when filed after entry of default effective). Rather, a defendant seeking relief from the valid entry of a default must seek to set aside the entry of default to secure such relief. *See Gen. Elec. Capital Corp. v. Osterkamp* (*Osterkamp II*), 172 Ariz. 191, 194, 836 P.2d 404, 407 (App. 1992).

App. P., as the bases for the award. Attorney fees are unavailable under this statute, which only provides for an award of costs to the successful party in a civil action. *See Spanier v. U.S. Fid. & Guar. Co.*, 127 Ariz. 589, 598, 623 P.2d 19, 28 (App. 1980) ("[U]nder Arizona law the word 'costs' does not include attorneys' fees."). And Rule 21 does not provide a substantive basis for an award of attorney fees. *See Ezell v. Quon*, 224 Ariz. 532, ¶¶ 30-31, 233 P.3d 645, 652 (App. 2010). Furthermore, a party has a duty to specify the statutory basis under which it is entitled to an award of attorney fees. *See id.* ¶ 31. In any event, because we remand the case for further action in the trial court, we deny both requests without prejudice at this time. *See CNL Hotels & Resorts, Inc. v. Maricopa Cnty.*, 230 Ariz. 21, ¶ 25, 279 P.3d 1183, 1188 (2012); *Leo Eisenberg & Co. v. Payson*, 162 Ariz. 529, 535, 785 P.2d 49, 55 (1989); *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, ¶ 29, 189 P.3d 1114, 1124 (App. 2008).

### Disposition

¶19 Because the trial court erred as a matter of law by refusing to set aside the default if service of a copy of the application for default was delayed as alleged, we reverse the court's ruling on the motion under Rule 55(c) and remand for further proceedings consistent with this decision.

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Presiding Judge

10

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge


/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge*

*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed December 12, 2012.

11