NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

CAROL JAN AVILA, *Petitioner/Appellee,*

*v.*

ALEJANDRO AVILA MEDRANO, *Respondent/Appellant.*

No. 1 CA-CV 13-0593
FILED 5-8-2014

Appeal from the Superior Court in Mohave County
No. S8015DO201300318
The Honorable Rick A. Williams, Judge

**REVERSED, DECREE VACATED AND REMANDED**

COUNSEL

Alejandro Avila Medrano, Florence
Respondent/Appellant

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**W I N T H R O P,** Judge:

**¶1**        Alejandro Avila Medrano ("Husband") appeals the trial court's entry of default for failure to file a timely response to a petition for dissolution of a non-covenant marriage with children.  Husband contends the trial court erred by finding that he did not timely file his response to the petition for divorce.  For the following reasons, we reverse the entry of default, vacate the decree of dissolution, and remand the case to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2**        On April 18, 2013, Carol Jan Avila ("Wife") filed a petition for dissolution of a non-covenant marriage with children.  Wife sought sole legal decision making for the couple's two minor children and ownership of the community property.

**¶3**        Husband, who is incarcerated, accepted service of process on April 26.  In May, Wife applied for entry of default.  Although Husband had mailed a response to Wife's petition on May 3, it was not filed until June 4.  Husband thereafter filed a motion to deny Wife's application for default.  In a July 10 order, the trial court determined Husband did not file a timely response to Wife's petition for dissolution, ordered entry of default against Husband, and ordered the matter set for a default hearing.  Following the default hearing, the July 29 decree of dissolution granted Wife sole legal decision making for the children and denied Husband parenting time; the decree also awarded Wife ownership of the community's real property and motor vehicle.

**¶4**        Husband filed an untimely notice of appeal accompanied by a motion to file a delayed appeal, which the trial court granted.  We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9 and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (West 2014).[1]

---

[1]        We cite the current Westlaw version of the applicable statutes and rules because no revisions material to this decision have since occurred.

**DISCUSSION**

**¶5** Husband appeals the validity of the default judgment pursuant to Arizona Rule of Family Law Procedure 44.[2] *See Kline v. Kline*, 221 Ariz. 564, ¶¶ 11-12, 568, 212 P.3d 902, 906 (App. 2009). In denying Husband's motion to deny Wife's application for default, it appears the court considered Husband's pleading as a motion to set aside the entry of default. We review a trial court's ruling on such a motion for abuse of discretion. *Cf. Champlin v. Bank of Am., N.A.*, 231 Ariz. 265, 267, 293 P.3d 541, 543 (App. 2013).

**¶6** Husband contends he submitted a timely response and any delay in filing that response was an error of processing by the Clerk's Office for the Mohave County Superior Court. On this record and in the absence of a brief from Wife, we agree.

**¶7** Wife filed a petition for dissolution on April 18, 2013, and Husband accepted service of process on April 26. Under Arizona Rule of Family Law Procedure 32(A), Husband had until May 16 to file a response. The record indicates Husband mailed his response and an application for waiver of fees and costs on May 3 and the Clerk's Office received the envelope containing the documents on May 6.[3] On that same date, Husband's application for waiver of fees and costs was filed; however, pending court approval or denial of that application, Husband's

---

[2] Husband also argues the trial court erred by denying his request for appointment of a guardian ad litem for the children; however, because Husband does not provide any legal authorities to develop this argument, we will not consider it on appeal. *See* ARCAP 13(a)(6) (requiring an opening brief to set forth "[a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.").

Husband also contends the trial court did not credit him with completion of court ordered parent education classes. This issue is moot, however, because the court credited Husband with completion of these classes after the filing of the opening brief.

[3] In the record on appeal, the envelope is included with the answer, and the envelope and a return receipt presumably signed by a member of the Clerk's Office contain the same parcel number from the shipper.

response to Wife's petition was apparently held in abeyance. On May 8, Husband's application for waiver of fees and costs was approved; however, for some unexplained reason, neither that order nor Husband's response to the petition was filed until June 4, nearly a month later.

¶8 With no response by Husband on file, Wife submitted an application for entry of default pursuant to Rule 44(A) on May 17; as a result, pursuant to Rule 44(A)(2) and (3), Husband's default was automatically entered. Following the entry of default, Husband had a further ten-day period in which to cure that default by filing his response. That ten-day grace period expired on June 3. *See* Ariz. R. Fam. L. Pro. 44(A)(4). As noted above, however, Husband had already timely submitted his response to the petition in May. On June 14, apparently in response to receiving Wife's application for default, Husband filed a motion to deny the application for entry of default.

¶9 In an order dated July 5 (and filed July 10), the trial court addressed Husband's pending motion to deny entry of default. In that ruling, the trial court found Husband did not file a timely response to Wife's petition for dissolution, that the automatic entry of default was therefore conclusive, and confirmed the entry of default against Husband.

¶10 We assume the delay in timely filing the order granting the requested waiver of fees and costs and in filing Husband's timely response to Wife's petition was an administrative oversight. The subsequent entry of default was erroneous, and we therefore direct the trial court to set the default aside, accept Husband's response as timely filed and proceed with this as a contested matter. The decree previously entered by the court is vacated.

## CONCLUSION

¶11 We direct that the entry of default against Husband be set aside, and the Decree of Dissolution of Non-Covenant Marriage with Children be vacated, with the matter remanded to the trial court for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D: MJT