NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DCB EXTREME ADVENTURES, INC., *Plaintiff/Appellee,*

*v.*

JERRY FOREMAN, individually and dba TERRAIN RACING; TERRAIN RACING, LLC, a Nevada limited liability company, *Defendants/Appellants.*

No. 1 CA-CV 15-0530
FILED 9-20-2016

Appeal from the Superior Court in Coconino County
No. S0300CV201500181
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

COUNSEL

Farhang & Medcoff PLLC, Tucson
By Timothy M. Medcoff, Roscoe Jesse Mutz
*Counsel for Plaintiff/Appellee*

Law Offices of Gonzales & Poirier PLLC, Flagstaff
By Antonio J. Gonzales
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

¶1　　　　Jerry Foreman and Terrain Racing, LLC (collectively, "FTR") appeal from the superior court's order denying their motion to set aside a default judgment.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　DCB Extreme Adventures, Inc. ("DCB") filed a complaint against FTR in Maricopa County Superior Court on October 24, 2014, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  FTR did not timely answer, and DCB filed an application for entry of default on December 10, 2014.  Pursuant to Arizona Rule of Civil Procedure 55(a)(3) and (4), the default would become effective as a matter of law on December 24, 2014, unless FTR pled or otherwise defended the action.[1]

¶3　　　　On December 17, 2014, FTR's counsel filed a notice of appearance and a motion for change of venue to Coconino County pursuant to Arizona Revised Statutes ("A.R.S.") section 12-404.  Over DCB's objection, the court granted FTR's motion and transferred the case to Coconino County.

¶4　　　　After the Coconino County Superior Court docketed the case, DCB filed a "Request for Default Judgment Without a Hearing (Sum Certain)" on April 16, 2015.  DCB stated that FTR had failed to answer or otherwise defend within ten days of the application for default.  The Coconino County Superior Court entered a default judgment on April 23, 2015.  Five days later, FTR filed an answer and a motion to set aside the default judgment, arguing the judgment was "void" because FTR had timely moved to transfer venue and could not be compelled to file an answer in Maricopa County while that motion was pending.  The court

---

[1]　　　For purposes of our analysis, we rely on the version of Rule 55 that was in effect in December 2014.

denied the motion to set aside, and FTR timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶5**      FTR contends the superior court erred by denying its motion to set aside the default judgment because FTR timely sought a change of venue, which constitutes "otherwise defending" the action.[2] We disagree.

**¶6**      We typically conduct a *de novo* review of a denial of a motion to set aside a default judgment as void under Rule 60(c)(4). *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010). But FTR's motion did not articulate grounds for setting aside the default judgment as void under Rule 60(c)(4). *See Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980) ("Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties."); *Ezell*, 224 Ariz. at 537, ¶¶ 18–19 (an erroneous judgment is not necessarily void and "only errors that undermine jurisdiction render a judgment void under Rule 60(c)(4)"). Failure to follow Rule 55 is not a jurisdictional defect. *Rogers v. Tapo*, 72 Ariz. 53, 57 (1951). Accordingly, we review the order denying FTR's motion to set aside for an abuse of discretion. *Ezell*, 224 Ariz. at 536, ¶ 15. A court abuses its discretion if it misapplies the law or bases its decision on an error of law. *Champlin v. Bank of Am., N.A.*, 231 Ariz. 265, 267, ¶ 8 (App. 2013).

**¶7**      Rule 55 states that when a defendant does not plead or otherwise defend within the time required by the rules, the plaintiff may apply to the clerk of the court for entry of default, and the clerk's acceptance of the application shall constitute entry of default. Ariz. R. Civ. P. 55(a), (a)(2). The default becomes effective ten days thereafter unless the defendant "pleads or otherwise defends" within that time period. Ariz. R. Civ. P. 55(a)(3), (4).

**¶8**      FTR argues the default judgment was improper because it pled or otherwise defended within the time dictated by Rule 55. We must thus determine whether filing a motion to transfer venue pursuant to A.R.S.

---

2      FTR also argues the default judgment was improper because DCB did not send FTR's counsel a copy of the application for default and DCB did not file the application for entry of default in accordance with a 2010 administrative order. FTR, however, did not raise these arguments in the superior court, and we decline to consider them for the first time on appeal. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 15 (App. 2004).

§ 12-404 after the plaintiff has filed an application for default prevents the default from becoming effective because it constitutes pleading or otherwise defending under Rule 55(a)(4).

**¶9**        FTR's motion to transfer venue was not a "pleading." *See* Ariz. R. Civ. P. 7(a) (identifying pleadings as a complaint, an answer, a counterclaim, a cross-claim, a third-party complaint, a third-party answer, and a reply). Arizona courts have held, however, that motions to dismiss and motions for summary judgment qualify as "otherwise defending" an action for purposes of Rule 55(a). *See Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 487, ¶ 14 (App. 2013).

**¶10**        FTR contends its motion to transfer venue constituted "otherwise defending" and notes that this Court has previously held that a Rule 12(b)(3) motion to dismiss for improper venue prevents entry of a default judgment. *See Prutch v. Town of Quartzsite*, 231 Ariz. 431, 436, ¶¶ 17–18 (App. 2013). But a Rule 12(b)(3) motion to dismiss for improper venue and a motion to transfer venue under A.R.S. § 12-404 are materially different. Rule 12(b) permits the defense of improper venue to be raised in a motion to dismiss only if the pending action "cannot be or could not have been transferred to the proper county pursuant to A.R.S. § 12-404." Here, the action filed in Maricopa County *could* be transferred pursuant to A.R.S. § 12-404, and FTR did not seek dismissal of DCB's complaint.[3] Accordingly, FTR's motion to transfer venue is not properly considered a Rule 12(b)(3) motion to dismiss for improper venue that might constitute "otherwise defending" under Rule 55.

**¶11**        We reject FTR's suggestion that a motion to transfer venue under A.R.S. § 12-404 qualifies as "otherwise defend[ing]" against a claim. The phrase "otherwise defend" refers to "attacks on . . . service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Coulas v. Smith*, 96 Ariz. 325, 329 (1964). Similarly, motions for summary judgment that "contest and endeavor to defeat" claims made in the complaint satisfy the Rule 55(a) requirement of otherwise defending. *Waltner*, 231 Ariz. at 487, ¶ 14. Not all motions filed in lieu of an answer constitute "otherwise defending" for

---

[3]        Additionally, by statute, the motion to transfer venue had to be filed "before expiration of the time allowed to answer." A.R.S. § 12-404(A). Although DCB did not challenge FTR's motion on this basis, we will affirm the superior court's judgment if it was correct for any reason. *See Ariz. Bd. of Regents v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Admin'r*, 160 Ariz. 150, 154 (App. 1989).

purposes of Rule 55(a), though.  In *Rogers*, for example, the court held that a motion for security for costs was not a defense to an action and could not be "used as a subterfuge to extend the time within which to answer or otherwise defend."  72 Ariz. at 56.

**¶12**      FTR's motion to transfer venue did no more than indicate its intention to defend against DCB's claim at a later date in a different county and did not contest or endeavor to defeat the complaint.  Accordingly, it did not qualify as defending against a claim and did not prevent entry of a default judgment pursuant to Rule 55(a).[4]

### CONCLUSION

**¶13**      For the foregoing reasons, we affirm the superior court's judgment.  DCB requests an award of attorneys' fees pursuant to A.R.S. § 12-341.01.  In the exercise of our discretion, we deny DCB's request.  DCB is, however, entitled to recover its appellate costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4]      Given our resolution, we do not address DCB's contentions that FTR failed to show that the failure to timely answer was excusable, that it acted promptly in seeking relief from the default judgment, and that it had a meritorious defense.  *See Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19 (App. 2004).