NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DIANA M. MONTES,
*Petitioner/Appellee,*

v.

MARIO R. MONTES,
*Respondent/Appellant.*

No. 1 CA-CV 22-0077 FC

FILED 01-24-2023

Appeal from the Superior Court in Maricopa County
No.  FC2009-053288
FC2020-003263
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Law Office of Brad Reinhart, LLC, Phoenix
By Brad Reinhart
*Counsel for Petitioner/Appellee*

Law Office of Joseph T. Stewart, LLC, Phoenix
By Joseph T. Stewart
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Acting Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Michael J. Brown and Chief Judge Kent E. Cattani joined.

_____

**M O R S E**, Judge:

**¶1**        Mario Montes ("Husband") appeals from the superior court's denial of his motion to set aside decrees of legal separation and dissolution of marriage.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In March 1997, Husband married Diana Montes ("Wife") in Hermosillo, Mexico.  Husband moved to Arizona in 2001, and he gained United States citizenship in July 2005.  One year later, Wife and their two children joined him in Arizona.

**¶3**        Around this time, Husband purchased a home for the family, financed in his name only.  Shortly after the purchase, the housing market collapsed, and the property lost over half of its value.  Unable to refinance the property to reduce their payments, Husband and Wife decided to let the property go into foreclosure.

**¶4**        In September 2009, Wife filed a Petition for Dissolution of Non-Covenant Marriage (Divorce) – With Children.  Husband signed an Acceptance of Service but did not file a responsive pleading.

**¶5**        Wife filed an Application and Affidavit for Default, and the court held an evidentiary hearing in December 2009.  Husband appeared at the hearing telephonically, and the cause of action was amended from dissolution to legal separation.  Following the hearing, the court issued its decree, and the parties were legally separated.

**¶6**        The next year, Wife purchased a new home for the family in her name only.  Husband and Wife continued to live together for several years following their legal separation.

**¶7**        In May 2020, Wife filed a second Petition for Dissolution of a Non-Covenant Marriage with Minor Children.  A third party served the

petition on Husband's adult daughter at Husband's home address while Husband was at work. Husband did not file an answer, and the court entered a Decree of Dissolution in November 2020.

**¶8** In April 2021, Husband filed a motion to set aside the 2009 separation decree and the 2020 dissolution decree under Arizona Rules of Family Law Procedure 85(b)(1), (3), and (6). The superior court denied the motion, finding that Husband failed to provide clear and convincing evidence that either decree should be set aside. Husband appealed.

**¶9** We have jurisdiction under A.R.S. § 12-2101(A)(1).

### DISCUSSION

**¶10** We review the denial of a Rule 85 motion for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding." *Id.* (quoting *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007)).

**¶11** To obtain relief under Rule 85, Husband "bears the burden of demonstrating his entitlement . . . by clear and convincing evidence." *Duckstein*, 230 Ariz. at 234, ¶ 20. We will not reweigh conflicting evidence on appeal and will give due regard to the trial court's opportunity to judge the credibility of the witnesses. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Accordingly, we view the record in the light most favorable to sustaining the trial court's decision, and we will affirm unless there is "clear and convincing evidence that the trial court abused its discretion." *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979) (quoting *Musker v. Gil Haskins Auto Leasing, Inc.*, 18 Ariz. App. 104, 105 (1972)).

### I.     The 2009 Separation.

**¶12** Husband claims the trial court erred in refusing to set aside the 2009 Decree of Separation. On appeal, Husband raises four issues with the 2009 default proceedings: (1) Wife failed to provide Husband with a copy of the Application and Affidavit for Default; (2) the court erred by granting a separation rather than dissolution without requiring Wife to serve Husband with an amended petition; (3) the court improperly granted the separation in spite of evidence that the couple planned to continue to live together; and (4) the court erred by entering a default decree by consent without making "necessary advisements and findings on the record."

### A.     The Application and Affidavit for Default.

**¶13**          We reject Husband's arguments relating to the 2009 Application and Affidavit for Entry of Default.  Rule 44(a)(3) of the Arizona Rules of Family Law Procedure requires parties pursuing default judgments to mail a copy of the application for default to the opposing party.  Rule 44 "virtually eliminate[s] . . . lack of notice as a basis for setting aside a default" by requiring notice before entry of default.  *Champlin v. Bank of Am., N.A.*, 231 Ariz. 265, 267, ¶ 10 (App. 2013) (quoting *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 185, 189-90 (App. 1992)) (interpreting the analogous Rule under the Arizona Rules of Civil Procedure).  Sending notice to an incomplete or incorrect address is "tantamount to sending no notice at all and [does] not meet the requirements of the Rule." *Ruiz v. Lopez*, 225 Ariz. 217, 222, ¶ 15 (App. 2010).

**¶14**          Wife mailed the 2009 Application and Affidavit for Entry of Default to the wrong address.  Nevertheless, after considering the entire record, including Husband's appearance at, and participation in, the December 2009 hearing and his signature on the joint custody agreement, the trial court found that Husband had notice of the 2009 proceedings. Therefore, the court determined that Husband failed to prove entitlement to relief for lack of notice by clear and convincing evidence.

**¶15**          Based on *Champlin* and *Ruiz*, Husband asserts that Wife's Rule 44 violation compelled setting aside the 2009 decree.  His reliance is misplaced.  In each of those cases, the court found the party in default did not receive proper notice, rendering the default judgment void and requiring the reviewing court to set aside the judgment.  *See Champlin*, 231 Ariz. at 267, ¶¶ 10-12; *Ruiz*, 225 Ariz. at 223, ¶ 21.  But Rule 44 "was intended to serve as a shield for those prejudiced by a lack of notice, not as a sword for those who, with full information, elect to be defaulted." *Kline v. Kline*, 221 Ariz. 564, 571, ¶ 23 (App. 2009).  And strict technical compliance with Rule 44 may be excused when the court has valid personal jurisdiction over the defaulting party and that party receives actual, timely notice of the default proceedings.  *Id.* at 570, ¶ 21.

**¶16**          Husband appeared and participated in the 2009 proceedings. *Supra* ¶ 14.  Therefore, he "could not have been prejudiced by the technical defect in service." *Kline*, 221 Ariz. at 571, ¶ 21.

### B.     Fraud on the Court.

**¶17**          Although Husband sought relief from judgment under Rules 85(b)(1), (2), and (6), claims raised under Rule 85(b)(1)-(3) must be raised

"no more than 6 months after the entry of the judgment." Ariz. R. Fam. Law P. 85(c)(1). Accordingly, Husband's motion to set aside the 2009 separation decree was only viable to the extent he sought relief under Rule 85(b)(6) for fraud on the court.

**¶18** Fraud on the court, often referred to as extrinsic or collateral fraud, means "some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy." *Bates v. Bates*, 1 Ariz. App. 165, 169 (1965). Setting aside a judgment for fraud on the court requires "fraud or deception practiced on the unsuccessful party" such that "there never has been a real contest before the court of the subject matter of the suit." *Id.*

**¶19** The issues Husband raises on appeal do not concern fraudulent or deceptive acts by "the prevailing party." *See id.* For example, Husband claims the 2009 court erred in granting the separation despite evidence that the couple planned to continue living together. But Husband admits Wife informed the court that they planned to continue living together, and he does not claim the court's findings were the result of fraudulent testimony or evidence. Thus, he failed to prove by clear and convincing evidence that he was entitled to relief from the 2009 Decree of Separation. *See Duckstein*, 230 Ariz. at 234, ¶ 20.

## II.    The 2020 Dissolution.

**¶20** Husband also claims the court erred in refusing to set aside the 2020 Decree of Dissolution. To support his claim, Husband argues primarily that he was never properly served with Wife's petition. He also argues that his motion to set aside the Decree should have been granted because the Decree was not supported by the evidence.

**¶21** In denying Husband's motion, the superior court rejected Husband's claim that he was not properly served and concluded that "[Husband] failed to present sufficient evidence that the 2020 Decree should be set aside for any of the grounds requested."

**¶22** On appeal, Husband asserts that the superior court's findings "were not reasonably supported by the evidence, and that they were in conflict with the overall record." But he does not explain the findings to which he refers or how they conflict with the record. Accordingly, he has not established that the superior court abused its discretion by rejecting his claim. *See* Ariz. R. Civ. App. P. 13(a)(7)(A)-(B).

¶23        Husband's improper-service argument similarly fails.  The Arizona Rules of Family Law Procedure provide for individual service of process by "leaving a copy of [the summons and pleadings] at [an] individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Ariz. R. Fam. Law P. 41(c)(2).  Husband acknowledges that the documents were served on his adult daughter, Itzmilka, at the family home.  Husband does not challenge the suitability of Itzmilka's age or discretion.

¶24        Even though service was delivered consistent with Rule 41, Husband claims it was ineffective because it happened at a time Wife should have known he would be at work and away from the family home. Husband's contention runs contrary to the plain language of Rule 41, and he fails to provide any legal authority to support it. *See* ARCAP 13(a)(7)(A) (requiring an appellant's opening brief to provide "supporting reasons for each contention . . . with citations of legal authorities").  Accordingly, Husband was properly served.

## CONCLUSION

¶25        For the foregoing reasons, we affirm the ruling of the superior court denying Husband's motion to set aside decrees of legal separation and dissolution of marriage.



AMY M. WOOD • Clerk of the Court
FILED:              HB