778 P.2d 1325

The STATE of Arizona ex rel. Robert K. CORBIN, Attorney General; the Arizona Corporation Commission; Richard B. Nicholls, the Arizona State Real Estate Commissioner, Plaintiffs–Appellees,

v.

Donald A. MARSHALL; Arizona Petroleum Research Corporation, a Colorado corporation; Petroleum Research Corporation, a Nevada corporation; PRC Lease Acquisition Corporation, a Nevada corporation, Defendants–Appellants.

No. 1 CA–CV 88–032.

Court of Appeals of Arizona, Division 1, Department B.

March 23, 1989.

Review Denied Sept. 19, 1989.

Robert K. Corbin, Atty. Gen., Anthony B. Ching, Sol. Gen. by Robert A. Zumoff, Asst. Atty. Gen., Phoenix, for plaintiffs-appellees.

J. Douglas McVay, Phoenix, for defendants-appellants.

## OPINION

HAIRE, Judge.

Donald A. Marshall, Arizona Petroleum Research Corporation, Petroleum Research Corporation, and PRC Lease Acquisition Corporation have appealed from the trial court's denial of their "Motion to Vacate Entry of Default and Defer Entry of Default Judgment" and the default judgment against them. They argue that the notice requirements of Rule 55(a)(1), Arizona Rules of Civil Procedure, 16 A.R.S., should be construed to require that the party seeking default notify the party against whom default is sought of the ten day grace period provided by subsections (2) and (3) of the rule.[1] The appellants also argue that the trial court abused its discretion by failing to set aside entry of default and defer entry of judgment because the notice received was defective and misleading.

## FACTS AND PROCEDURAL HISTORY

The Attorney General filed a complaint against the appellants and six other defendants not parties to this appeal, charging that the appellants violated the Arizona Securities Act (A.R.S. § 44–1801), the Real Estate Act (A.R.S. § 32–2101), the Arizona Consumer Fraud Act (A.R.S. § 44–1521), the Arizona Racketeering Act (A.R.S. § 13–2301) and the Arizona Forfeiture Act (A.R.S. § 13–4301) in the sale of oil and gas lease assignments. After the complaint was filed, the appellants were granted an open extension of time to file their answer. On February 4, 1987, the State filed a "Notice of Termination of Extensions of Time" to require the appellants to answer the complaint, move or plead by February 24, 1987. The State mailed this notice to the appellants' attorney of record prior to receiving notice that the court had permitted the appellants' counsel to withdraw. In April 1987, the State applied for default judgment by filing an "Affidavit on De-

---

1. Rule 55(a) provides:

    "**55(a) Application and entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules, the clerk shall enter that party's default in accordance with the procedures set forth below. All requests for entry of default shall be by written application to the clerk of the court in which the matter is pending.

    "(1) *Notice.*

    (i) To the Party. When the whereabouts of the party claimed to be in default are known by the party requesting the entry of default, a copy of the application for entry of default shall be mailed to the party claimed to be in default.

    (ii) Represented Party. When a party claimed to be in default is known by the party requesting the entry of default to be represented by an attorney, whether or not that attorney has formally appeared, a copy of the application shall also be sent to the attorney for the party claimed to be in default. Nothing herein shall be construed to create any obligation to undertake any affirmative effort to determine the existence or identity of counsel representing the party claimed to be in default.

    (iii) Whereabouts of Unrepresented Party Unknown. If the whereabouts of a party claimed to be in default are unknown to the party requesting the entry of default and the identity of counsel for that party is also not known to the requesting party, the application for entry of default shall so state.

    "(2) *Effective Date of Default.* A default entered by the clerk shall be effective ten (10) days after the filing of the application for entry of default.

    "(3) *Effect of Responsive Pleading.* A default shall not become effective if the party claimed to be in default pleads or otherwise defends as provided by these Rules prior to the expiration of ten (10) days from the filing of the application for entry of default.

    "(4) *Applicability.* The provisions of this rule requiring notice prior to the entry of default shall apply only to a default sought and entered pursuant to this rule."

fault and re Military Service and Entry of Default" and mailed a copy of the affidavit to the appellants. Approximately two weeks later, the State filed a notice of default judgment hearing and again mailed the notice to the appellants. A default hearing was held May 12, 1987; the appellants did not appear. In July and August, the court mailed minute entries to the appellants stating that the case was placed on the inactive calendar for dismissal of unadjudicated claims. In September, the appellants filed a motion to vacate the entry of default and defer entry of judgment. The trial court denied the motion and entered judgment against the appellants.[2] The appellants timely filed this appeal.

## NOTICE REQUIREMENTS OF RULE 55(a)

■ Rule 55(a) requires that notice of the application for entry of default shall be given to the party claimed to be in default. The rule explicitly sets forth the manner of giving such notice, and provides that, where the defaulting party is represented by counsel, notice shall be given by mailing a copy of the application for entry of default to the party claimed to be in default and to his counsel. Rule 55(a)(1)(i), (ii). The rule does not specify that the defaulting party be given any notice other than a copy of the application for entry of default. The appellants ask that we read into the rule a requirement that they also be notified of the effective date of the default and that the effective date may be delayed by pleading or defending within ten days of filing of the application. We decline to so expand the clear language of the rule.

We first note that the appellants explicitly waive any argument that they did not receive notice of the application for entry of default. They argue instead that the policies and purpose of Rule 55(a) require this court to expand the scope of the rule in regard to the quality of the notice given.

■ The general rules of construction apply to both statutes and rules of the court. *See State v. Coey*, 82 Ariz. 133, 309

P.2d 260 (1957). Construction of a rule is resorted to only where the rule is unclear on its face or otherwise ambiguous. *Anagnostos v. Truman*, 25 Ariz.App. 190, 541 P.2d 1174 (1975). Rule 55(a) is not unclear or ambiguous. The rule specifically describes the manner in which notice is to be given to the party claimed to be in default. We agree with the State that our supreme court would have provided for a more expansive notice requirement if it had so intended. *See, e.g.,* Rule 4(b).

We also agree that the notice was not "legally inaccurate and misleading" in stating that the time to plead or defend had passed. The appellants are charged with the same knowledge of the Rules of Civil Procedure as would be possessed by legal counsel. *Del Castillo v. Wells*, 22 Ariz. App. 41, 45, 523 P.2d 92, 96 (1974); *see Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984). We do not believe responsible counsel would have read the explicit provisions of Rule 55(a)(2) and (3) to prohibit or render useless the filing of a responsive pleading.

## DENIAL OF MOTION TO VACATE ENTRY OF DEFAULT AND DEFER ENTRY OF JUDGMENT

■ Appellants also argue that the trial court abused its discretion by denying their motion to vacate entry of default and defer entry of judgment. The decision whether to vacate entry of default is within the discretion of the trial court and will not be set aside unless the court has abused its discretion. *Richas v. Superior Court for the County of Maricopa*, 133 Ariz. 512, 652 P.2d 1035 (1982). On the record before us, we can see no evidence that the trial court abused its discretion by denying appellants' motion.

■ The grounds for setting aside an entry of default under Rule 55 are the same as the grounds for relief from judgment under Rule 60(c). Rule 55(c); *Webb v. Erickson*, 134 Ariz. 182, 185, 655 P.2d 6, 9 (1982). The moving party has the burden

2. The default judgment included an award against a fifth defendant who has not joined in

this appeal. Five other defendants were not parties to these default proceedings.

432

of demonstrating good cause for vacating the entry of default—that is, grounds such as mistake, inadvertence, excusable neglect and due diligence. *Richas,* 133 Ariz. at 514, 652 P.2d at 1037. The grounds raised by appellants individually and collectively fail to demonstrate good cause.

 Appellants argue first that the record does not demonstrate that they received notice that the State had terminated the open extension of time to respond to the complaint. By this argument, appellants incorrectly place the burden on the State to prove that entry of default should not be set aside. At the time the State filed its notice of termination of extension, a copy was sent to appellants' recently withdrawn counsel. Appellants have produced no evidence that they were not advised by him of the need to plead or defend against the complaint. *See, e.g., Daou,* 139 Ariz. at 359, 678 P.2d at 940 (defendant did not file an affidavit in support of claim that he failed to answer complaint because of bad advice); *Richas,* 133 Ariz. at 515, 652 P.2d at 1038 (affidavit filed to explain failure to timely answer must provide sufficient facts in support of explanation).

Appellants argue next that the notice received misstated their rights because it did not advise them of the ten day grace period allowed by Rule 55(a)(3). As discussed above, the notice received by the appellants was legally sufficient and did not misstate the appellants' rights. Finally, appellants argue that the minute entries placing all unadjudicated claims on the inactive calendar may have misled them into believing that the complaint was to be dismissed and that they did not need to respond to the application for entry of default. We note first that appellants have not alleged that they were, in fact, so misled. The appellants received notice of the default judgment hearing conducted in May, 1987. The minute entries advising them that unadjudicated claims would be scheduled for dismissal were mailed to them in July and August. We agree with the State that the appellants had no reason to assume that the claims subject to the

default judgment would be unadjudicated by the scheduled date of dismissal. Further, to the extent appellants may have found the minute entries confusing, this confusion stems from their ignorance of our Rules of Civil Procedure and is not the type of excuse that demonstrates good cause to vacate entry of default. *See Daou,* 139 Ariz. at 359, 678 P.2d at 940.

The decision of the trial court is affirmed. The Attorney General's request for attorney's fees on appeal is granted in an amount to be established pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure.

CONTRERAS, P.J., and EUBANK, J., concur.