NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SPORTWAY-WEATHERHEAD & SON'S, LLC, *Plaintiff/Appellee*,

*v.*

LIVIN DA DREAM, LLC, a dissolved Arizona limited liability company,
JOHN PAUL VICENTE, SR. and SHAWN MARIE VICENTE, husband
and wife, *Defendants/Appellants*.

No. 1 CA-CV 13-0672

FILED 2-17-2015

Appeal from the Superior Court in Coconino County
No. S0300CV201300241

The Honorable Jacqueline Hatch, Judge

**AFFIRMED IN PART, REVERSED IN PART; REMANDED**

COUNSEL

Decker Holland, PLLC, Flagstaff
By Jared E. Holland
*Counsel for Plaintiff/Appellee*

Warnock, MacKinlay Carman, PLLC, Prescott
By Krista M. Carman and André E. Carman
*Counsel for Defendants/Appellants*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

**W I N T H R O P,** Judge:

**¶1**        Livin Da Dream, LLC ("LDD"), John Vicente and his wife Shawn Vicente (collectively, "Appellants"), appeal the trial court's denial of their Arizona Rules of Civil Procedure ("Rule") 60 motion to set aside a default judgment.[1]   For the following reasons, we affirm the entry of judgment against LDD, but reverse the entry of judgment as to the Vicentes, and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Sportway-Weatherhead & Sons, LLC ("Sportway"), filed a complaint against Appellants on April 1, 2013, asserting four separate claims.[2]  The statutory agent for LDD was served on April 3, 2013.  After several failed attempts to serve the Vicentes at their residence, Sportway ultimately served John Vicente at his employer's place of business on April 23, 2013.  At that time, Mr. Vicente agreed to accept service on behalf of his wife.  LDD failed to respond to the complaint, and Sportway filed an application for entry of default against LDD on April 25, 2013.  Sportway mailed a copy of that application to LDD's statutory agent the same day.  On April 30, 2013, Sportway filed a motion for a *nunc pro tunc* order that Mrs. Vicente had been served through acceptance of service on Mr. Vicente.  The trial court granted this motion on May 2, 2013.

**¶3**        The Vicentes did not respond to the complaint, and Sportway filed an application for entry of default on May 14, 2013.  That same day, Sportway mailed a copy of the application to Mr. Vicente's place of employment, having previously served him there.  In addition, Sportway mailed a copy of the application for default against the Vicentes to LDD's

---

[1]        We cite the current version of rules and statutes if no revisions material to our decision have occurred since the relevant dates.

[2]        The complaint omits a "Count 3;" accordingly, the claims are numbered Count 1, Count 2, Count 4, and Count 5.

statutory agent. The following day, the Vicentes' copy of the application for default was returned to Sportway in the mail with the notification "Return to Sender, No Such Number, Unable to Forward." The following day, May 24, Sportway mailed another copy of the application to a P.O. Box address it located for the Vicentes on a previous court document.[3] On May 29, 2013, the Vicentes went out of town for a family vacation. On June 3, 2013, Sportway filed a motion for default judgment against both LDD and the Vicentes. The following day, Mrs. Vicente returned from vacation to find the application for entry of default in her P.O. Box. On June 6, Mrs. Vicente retained counsel and gave him the application for entry of default. Retained counsel immediately emailed Sportway's counsel, stating "The Vicentes have just retained us to represent them. I am not sure if I will be representing the LLC or not yet." Sportway's counsel responded, stating the trial court had granted the application for default judgment earlier that same day.

¶4         On June 14, 2013, Appellants filed a motion to set aside the default judgment and included an answer and counterclaim. Appellants alleged Sportway failed to provide proper notice of the default application as required by Rule 55(a)(1)(ii). Appellants claimed Sportway was aware that Appellants' current counsel had represented the Vicentes in a prior bankruptcy proceeding, and Sportway should have notified that same counsel of the application for entry of default. Appellants further argued they did not have actual notice of the default proceedings, and Sportway's counsel had a professional obligation to inform the court that the first copy of the application for entry of default sent to the Vicentes had been returned in the mail. Finally, Appellants asserted the default judgment should be set aside under Rule 60(c)(1), (3), (4) and (6) due to lack of notice and Sportway's alleged misconduct.

¶5         The trial court heard oral arguments on Appellants' motion on July 30, 2013, and subsequently denied Appellants' request to set aside the default judgment. Appellants filed a motion for reconsideration on August 27, 2013, which was denied on September 12, 2013. Appellants timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-120.21.

---

[3]         Sportway located this address on a court document from the Vicente's bankruptcy filed in February 2012. That bankruptcy case was dismissed on February 3, 2013.

**ANALYSIS**

**¶6** Unless the trial court has abused its discretion, this court will not vacate an entry of default. *State ex rel. Corbin v. Marshall*, 161 Ariz. 429, 431, 778 P.2d 1325, 1327 (App. 1989) (internal citation omitted). "We view the facts in the light most favorable to upholding the trial court's ruling on the motion to set aside the default judgment." *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2, 233 P.3d 645, 647 (App. 2010) (internal citations omitted). Appellants argue the trial court abused its discretion when it (1) denied the Rule 60(c)(1) motion notwithstanding the lack of proper notice to Appellants; (2) denied relief pursuant to Rule 60(c)(3) and (4) notwithstanding the lack of proper notice, and because of misconduct by Sportway; and (3) denied relief under Rule 60(c)(6) notwithstanding Appellants' satisfactory showing of a meritorious defense justifying relief. We find the trial court abused its discretion in failing to set aside the default judgment under Rule 60(c)(4) and therefore only address this issue.

### I. Entry of Default Judgment Against LDD

**¶7** In their opening brief, Appellants only raised issues attacking the validity of the default judgment entered as to the Vicentes. In its answering brief, Sportway pointed out Appellants did not specifically allege any issues with regard to LDD's default judgment. In their reply brief, Appellants contended only that the statutory agent failed to notify the Vicentes about the application for entry of default against LDD; thus, the default judgment against LDD should be set aside under Rule 60(c)(4). Because Appellants failed to raise any issues regarding the default judgment against LDD in their opening brief, this argument is waived on appeal. *See State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989); *see also Phelps v. Firebird Raceway, Inc.*, 210 Ariz. 403, 404 n.1, ¶ 5, 111 P.3d 1003, 1004 n.1 (2005) (stating the court of appeals may properly decline to address an issue raised for the first time in a reply brief). Further, there is no evidence that LDD was not properly served or that it did not, through its duly appointed statutory agent, timely receive the application for entry of default before the court granted that application. Accordingly, the trial court's denial of the request to set aside the judgment entered against LDD is affirmed.

### II. Notice

**¶8** Appellants first contend Sportway did not comply with Rule 55(a)(1)(ii) when it failed to provide notice to Appellants' counsel, as Sportway knew Appellants had been represented by counsel during

contested bankruptcy proceedings that had been concluded before the filing of this complaint, and should have presumed that the same counsel was representing the Vicentes relative to this superior court action. We disagree.

**¶9** A rule of procedure is interpreted by its plain meaning and this court will give effect to each word. *Ariz. Dep't of Revenue v. Superior Court in and for the Cnty. of Maricopa*, 189 Ariz. 49, 52, 938 P.2d 98, 101 (App. 1997) (internal citation omitted). Rule 55(a) in relevant part states:

> (1) *Notice.*
>
> (i) To the Party. When the whereabouts of the party claimed to be in default are known by the party requesting the entry of default, a copy of the application for entry of default shall be mailed to the party claimed to be in default.
>
> (ii) Represented Party. When a party claimed to be in default is known by the party requesting the entry of default to be represented by an attorney, whether or not that attorney has formally appeared, a copy of the application shall also be sent to the attorney for the party claimed to be in default. *Nothing herein shall be construed to create any obligation to undertake any affirmative effort to determine the existence or identity of counsel representing the party claimed to be in default.*

Ariz. R. Civ. P. 55(a)(1)(i) and (ii) (Emphasis added.).

**¶10** We find the plain meaning of Rule 55 does not create an obligation to ascertain the existence and identity of an attorney for the defaulting party. Here, Sportway filed its initial superior court complaint in April 2013, approximately two months after the conclusion of bankruptcy proceedings in which Appellants were represented by the same counsel who later was retained to represent them in the instant case. Counsel's prior representation in an earlier, already concluded bankruptcy matter did not, however, automatically presume future representation, nor did it create a duty on the part of Sportway to contact Appellants' previous counsel to determine if that counsel had been retained with respect to the pending superior court compliant. Moreover, when Appellants' counsel

contacted Sportway's counsel concerning the application for default, he advised "[t]he Vicentes *just retained us to represent them*. I am not sure if I will be representing the LLC or not yet." (Emphasis added.) Under these facts, Rule 55(a)(1)(ii) does not apply.

**¶11** Appellants next contend they did not have actual notice of the default application.[4] This court has previously held that Rule 55 requires "adequate notice" to the defaulting party before allowing an entry of default. *Ruiz v. Lopez*, 225 Ariz. 217, 222, ¶ 18, 236 P.3d 444, 449 (App. 2010). But, Rule 55(a) "does not specify that the defaulting party be given any notice other than a copy of the application for entry of default." *State ex rel. Corbin*, 161 Ariz. at 431, 778 P.2d at 1327. Here, Sportway mailed a copy of the application for entry of default to Mr. Vicente's employer's place of business on May 14, 2013. This option was presumptively reasonable in that Mr. Vicente had previously been personally served with the complaint at this location, and mailing the application for entry of default to the same address was proper. *See Ruiz*, 225 Ariz. at 221-22, ¶¶ 13-15, 236 P.3d at 448-49 (Rule 55(a) contemplates and allows the mailing of notice to the defaulting party's place of employment when it is likely to reach that individual there). The application for entry of default, however, was returned to Sportway on May 23, 2013, and Sportway mailed another copy of the application for entry of default the following day to a P.O. Box address it located on previous court documents. Under these circumstances, the re-mailing of the application for entry of default constituted effective notice under Rule 55(a)(1)(i).

### III. Effective Date of Default

**¶12** Using May 24 as the trigger date for the notice required under Rule 55, the Vicentes had 10 days within which to cure the default and file a responsive pleading.[5] In accordance with Rule 6, weekends and legal

---

[4] Sportway asserted in its answering brief and at oral argument that it sent LDD's statutory agent a copy of the application for entry of default against the Vicentes and LDD's statutory agent then forwarded that application for default to the Vicentes on May 22. This assertion is contrary to the affidavit of LDD's statutory agent, which only indicates the agent forwarded a copy of the application for entry of default against LDD to the Vicentes, not the application for entry of default against the Vicentes.

[5] Rule 55(a)(3) states "[a] default entered by the clerk shall be effective ten (10) days after the filing of the application for entry of default."

holidays are excluded from the calculation. Accordingly, because of the problem with the initial mailing of the application for entry of default, the Vicentes had until June 7 within which to cure the default.[6] Thus, the court erred by entering the default against the Vicentes on June 6.

¶13 Rule 60(c)(4) allows the court to relieve a party from a final judgment if the judgment is void. Ariz. R. Civ. P. 60(c)(4). Because the Vicentes did not have the benefit of the full ten-day grace period, the entry of default was ineffective and the default judgment was void. Accordingly, we reverse the trial court's entry of default judgment against the Vicentes and remand for proceedings consistent with this decision. *See Master Financial, Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19, 90 P.3d 1236, 1240 (2004) (stating the court must vacate a void judgment under Rule 60(c)(4)).

*IV.    Attorneys' Fees and Costs on Appeal*

¶14 Both Sportway and Appellants request attorneys' fees on appeal in accordance with A.R.S. § 12-341.01. In our discretion, we deny both requests. Conditioned upon compliance with Rule 21, we award the Vicentes their costs on appeal. We further award Sportway its costs on appeal as to LDD only.

**CONCLUSION**

¶15 For the foregoing reasons, we affirm the entry of judgment against LDD, but reverse the entry of judgment as against the Vicentes, and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[6]    Rule 6(a) provides: "When the period of time specified or allowed, exclusive of any additional time allowed under subdivision (e) of this rule, is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall not be included in the computation." Monday, May 27, 2013, was Memorial Day and thus a legal holiday not included in the calculation of time under Rule 6.