236 P.3d 444

**Sandra C. RUIZ, Plaintiff–Appellant,**

v.

**Marisela S. LOPEZ, Defendant–Appellee.**

**No. 1 CA–CV 09–0690.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 3, 2010.

---

Law Office of Keith R. Lalliss by Keith R. Lalliss, Mesa, Attorneys for Appellant.

Law Office of Judith M. Prakel, P.C. by Judith M. Prakel, Chandler, Attorneys for Appellee.

## OPINION

WEISBERG, Judge.

¶ 1 Sandra C. Ruiz ("Appellant") appeals from an order setting aside a default judgment. For reasons that follow, we affirm that order.

## PROCEDURAL BACKGROUND

¶ 2 On June 17, 2008, Appellant filed an amended complaint against Marisela S. Lopez ("Appellee") for breach of contract, conversion, and fraud. The summons and amended complaint were personally served on Appellee on June 18, 2008 at 1444 S. Sossaman, Mesa, the address of a Costco store where Appellee worked. Appellee did not file an answer within the time permitted, and on August 19, 2008, Appellant filed an application for default and affidavit of default and entry of default of defendant. Appellant's counsel only sent a copy of the application, affidavit and entry of default ("the notice") by regular mail to Appellee at 7311 E. Southern in Mesa, the address of a "huge" apartment complex where Appellee lived.[1] The notice did not designate an apartment number for Appellee.

¶ 3 At the default hearing October 27, 2008, Appellee did not appear. The court entered a default judgment against her on November 13, 2008 for $66,375.75, which included $5,000 for punitive damages. On February 4, 2009, Appellant served a summons and writ of garnishment on Costco at the Sossaman address.

¶ 4 Costco, as garnishee, filed an answer on February 5, 2009. On May 15, 2009, Appellee filed a motion to set aside the de-

fault judgment pursuant to Arizona Rules of Civil Procedure 55(a)(1)(i) and 60(c)(1). Appellee asserted that Appellant did not comply with the requirements of Rule 55(a)(1)(i) because she sent the only notice of default without a clarifying apartment number to Appellee's apartment complex, and that Appellee had never received it. She argued that Appellant should have mailed a copy of the notice to Costco where she had been served and the default judgment therefore was void. Alternatively, she alleged that the default judgment should be set aside on the ground of excusable neglect under Rule 60(c)(1)(court may grant relief from judgment based on "mistake, inadvertence, surprise or excusable neglect").

¶ 5 Appellant filed a response to the motion, which was supported by her counsel's affidavit. Counsel stated that he had Appellee served with the summons and complaint at Costco because he did not have an apartment number for her. He explained that he had mailed the notice to the apartment complex without an apartment number because "[w]ith more than 40 years of experience in the practice of law, I was aware that letter carriers have an uncanny ability to remember names and numbers, or to associate them with other mail and that there was a good opportunity that the notice would get to [Appellee]...." He added that the notice was not returned to his office as undeliverable. He also stated that after the default judgment had been entered against Appellee, he mailed her a letter to the same apartment complex address, again without an apartment number, and that the letter was not returned to his office. Appellant asserted that she thereby had complied with Rule 55(a)(1)(i) and that the default judgment was not void. She also asserted that Appellee had failed to state sufficient facts to establish excusable neglect under Rule 60(c)(1).

¶ 6 Following oral argument, the court granted Appellee's motion to set aside the default judgment. First, the court found that Appellant had failed to comply with Rule 55(a)(1)(i) because mailing the notice to a huge apartment complex without an apart-

---

1. Appellant never objected to Appellee's characterization of the apartment complex as huge.

220

ment number was not sufficient. The court accepted Appellee's declaration that she never had received the notice and opined that it was likely "that the letters were delivered, but to someone else at the complex." Second, the court indicated that Appellant should have mailed a copy of the notice to Appellee at Costco because Appellee had been served there, and Appellant knew it was a good address. Finally, the court rejected Appellee's Rule 60(c)(1) claim of excusable neglect. However, stating that the case of *Corbet v. Superior Court (Maricopa County)*, 165 Ariz. 245, 798 P.2d 383 (App. 1990), "seems to say that a Rule 60(c) analysis does not come into play when a judgment is 'void' or where there is some irregularity in its having been obtained," the court set aside the entry of default and default judgment.

¶ 7 Appellant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), –2101(C) (2003).

## DISCUSSION

¶ 8 The decision whether to vacate the entry of default is within the sound discretion of the trial court and will not be set aside unless the court has abused its discretion. *State ex rel. Corbin v. Marshall,* 161 Ariz. 429, 431, 778 P.2d 1325, 1327 (App. 1989). Further, the law favors the resolution of a case on its merits and "resolves all doubts in favor of the moving party." *Richas v. Superior Court for the County of Maricopa,* 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982). Nonetheless, there must be sufficient evidence in the record to set aside the entry of default or a default judgment from which the court can exercise that discretion. *Id.*

¶ 9 On appeal, Appellant argues that the trial court incorrectly found that the notice was ineffective and thus that the judgment was void. She asserts that because the judgment was not void, but merely voidable, Appellee was eligible only for relief under Rule 60(c)(1), but that Appellee did not present the requisite showing of excusable neglect, prompt action, and a meritorious defense. *See Richas,* 133 Ariz. at 514, 652 P.2d at

1037. In response, Appellee has abandoned her argument that the trial court abused its discretion in finding that she failed to establish excusable neglect under Rule 60(c)(1). Instead, she contends only that: 1) the default judgment did not become effective after the ten-day grace period because the necessary notice did not comply with Rule 55(a)(1)(i); 2) the default judgment was void under Rule 55(a)(2); and 3) the default judgment therefore could be set aside at any time. We agree with Appellee.

## Sufficiency of the Notice

¶ 10 Rule 55(a)(1)(i) provides that "[w]hen the whereabouts of the party claimed to be in default are known by the party requesting the entry of default, a copy of the application for entry of default shall be mailed to the party claimed to be in default." Rule 55(a)(1)(i) thereby creates a "grace period" of ten days and extends a party's time to answer by those ten days. *Corbet,* 165 Ariz. at 247, 798 P.2d at 385. If a defaulting party acts within the ten-day period it may prevent the entry of default from becoming effective. *Id.*

¶ 11 Appellant first argues that Appellee's address at Costco would not qualify as her "whereabouts" within the meaning of the Rule and that the court erred in concluding otherwise. Instead, Appellant reasons, notice had to be sent to Appellee's home address. Appellant then claims that she complied with the requirements of Rule 55(a)(1)(i) because she sent the notice to the mailing address of Appellee's apartment complex and, although she did not include an apartment number in the mailing address, such address was sufficient. She acknowledges that she assumed Appellee would receive the notice because the letter carrier or apartment management would know her or be able to find her. Appellant further explains that she did not mail it to Appellee's place of employment in order to avoid unnecessary "embarrassment."

¶ 12 In considering these arguments, we note that the same rules of construction apply to both statutes and rules. *Corbin,* 161 Ariz. at 431, 778 P.2d at 1327.

In interpreting a rule, we seek to determine the intent of the framers and consider the background and amendments to a rule in ascertaining that intent. *In re Victoria K.*, 198 Ariz. 527, 532, ¶ 22, 11 P.3d 1066, 1071 (App.2000). We interpret procedural rules according to their plain meaning. *Mendez v. Robertson*, 202 Ariz. 128, 129, ¶ 5, 42 P.3d 14, 15 (App.2002). Also, a court may consider a rule's context, effect, spirit and purpose. *Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991).

¶ 13 To begin, the word "whereabouts" is defined as "the place or general locality where a person or thing is." *Websters Ninth New Collegiate Dictionary* 1342 (1988). Although this definition refers to both a "place" and a "general locality," in the context of Rule 55(a)(1)(i), the "whereabouts" of the defaulting party means a particular or specific "place" where that person can be found or located, not a "general area or locale" where she might possibly be found. *See Barlage v. Valentine*, 210 Ariz. 270, 276, ¶¶ 22–23, 110 P.3d 371, 377 (App.2005)(under Rule 4.2(c), service by mail when "whereabouts" of party outside state is known is sufficient if mailed to a private UPS mailbox because defendant regularly used that box for multiple purposes and mail was reasonably calculated to reach her there). The record here supports the trial court's finding that Appellant could have mailed the notice to Appellee's place of employment because the notice, like the summons and complaint, was likely to have reached her there.

¶ 14 Furthermore, Rule 55(a)(1)(i) states that the notice shall be "mailed" to the defaulting party, which requires a mailing address of a specific place. "The concept of an 'address' necessarily implies the ability to be able to locate it." *New York Hous. Auth. v. Fountain*, 172 Misc.2d 784, 660 N.Y.S.2d 247, 249 (N.Y.Civ.Ct.1997) (citation omitted). There, the court noted that according to the United States Postal Service, a complete address is one that contains all the following required address elements: the recipient's name, street and number, *including the apartment number*, city and state, and zip code. *Id.* at 249–50 (emphasis added). The court relied on the holding of *Mullane v.*

*Central Hanover Bank, & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 250. The court concluded that the failure to include the zip code in an address giving notice of eviction proceedings rendered "the mailing so unlikely to succeed as to constitute a deprivation of due process." *Id.; see also Barlage*, 210 Ariz. at 276, ¶ 23, 110 P.3d at 377 (due process requires that notice sent must be reasonably calculated to apprise an interested party of the pendency of the action); *Associated Grocers v. Indus. Comm'n*, 133 Ariz. 421, 423–24, 652 P.2d 160, 162–63 (App.1982) (affirming decision of hearing officer who excused untimely filing of request for hearing because notice of claim status mailed to claimant's apartment address, but omitted apartment letter designation, and claimant did not receive notice); *City of Passaic v. Shennett*, 390 N.J.Super. 475, 915 A.2d 1092, 1097 (2007) (address on tax notice mailed by city incomplete because it lacked apartment number and therefore service by mail insufficient); *Regency Towers LLC v. Landou*, 10 Misc.3d 994, 807 N.Y.S.2d 863, 864 (N.Y.Civ.Ct.2006)(dismissing holdover proceedings where notice of lease termination mailed to incorrect apartment number and finding notice insufficient, even though respondent actually received notice by mere happenstance).

¶ 15 We agree with the trial court's conclusion that "a party should receive the best notice practicable under the circumstances" and with its finding that the notice sent in this case was not sufficient. Appellee lived in a large apartment complex, and without the apartment number, the notice was unlikely to reach her. It is telling that Appellant could not serve Appellee with her complaint at the apartment complex because she could not locate her there without an apartment number and instead served Appellee at her place of employment. It is sheer speculation to suggest that the mail carrier or apartment manager might know or attempt to find Ap-

pellee in such circumstances. *See Regency Towers,* 807 N.Y.S.2d at 865 (stating that "notice is a matter of due process, not getting lucky"). Further, because the Rule refers to "whereabouts" rather than to residential or home address, it contemplates the possibility of mailing a notice to some other "place" where the party can be found. Given that the purpose of Rule 55(a)(1)(i) is to provide a defaulting party a second chance to avoid the entry of default judgment, we conclude that under these facts, mailing the notice to Appellee's apartment complex without the apartment number was tantamount to sending no notice at all and did not meet the requirements of the Rule.[2]

**Impact of Ineffective Rule 55(a)(1)(i) Notice**

¶ 16 Having concluded that the notice sent was insufficient under Rule 55(a)(1)(i), we must now consider its effect upon the default judgment. Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment of default has been entered, may likewise set it aside in accordance with Rule 60(c)."

¶ 17 The parties disagree on whether the entry of default and the default judgment were void or voidable. Rule 60(c)(4) permits the court to relieve a party from a final judgment if the "judgment is void." There is no time limit for filing a motion under Rule 60(c)(4), and the court must vacate the void judgment even if the moving party unreasonably delayed bringing such motion. *Martin v. Martin,* 182 Ariz. 11, 14, 893 P.2d 11, 14 (App.1994). The other relevant provisions for relief under Rule 60(c), which relate to voidable judgments, are subject to time limit requirements.[3]

¶ 18 Rule 55(a)(1)(i) and (ii) require that, if the allegedly defaulting party's whereabouts are known, a copy of the application for entry of default be mailed to that party and, if known, to that party's attorney. Rule 55(a)(2) provides that "[a] default entered by the clerk shall be effective ten (10) days after the filing of the application for entry of default." Rule 55(a)(4) refers to "the provisions of this rule requiring notice *prior* to the entry of default [ ]." (Emphasis added.) Thus, we read Rule 55 as allowing entry of default only upon adequate notice to the defaulting party.

¶ 19 As previously noted, the trial court relied upon our holding in *Corbet* to set aside the entry of default and default judgment. In *Corbet,* after the defendant filed an answer within the ten-day notice of default grace period, as calculated pursuant to Rule (6)(a), the court entered default against him and denied his motion to set aside the entry of default and vacate the default hearing. 165 Ariz. at 247, 798 P.2d at 385. In reversing the decision of the trial court, this court noted that because the defendant's "answer was timely filed, Rule 55(a)(3) prevented the clerk's entry of default from ever taking effect." *Id.* at 248, 798 P.2d at 386. *See* Ariz. R. Civ. P. 55(a)(3). We concluded that because it had been improperly entered, "the default ... [had] no effect whatever," that "the entry of default was void," and like a void judgment, "the superior court had no discretion to refuse to vacate the entry of default." *Id.*

¶ 20 *Corbet's* interpretation of Rule 55(a) was endorsed by Division Two of this court in *General Electric Capital Corp. v. Osterkamp,* 172 Ariz. 185, 189–90, 836 P.2d 398, 403–04 (App.1992). There, the court dis-

---

**2.** Appellant nevertheless argues for relief under Rule 55(a)(1)(iii), which provides that "[i]f the whereabouts of a party claimed to be in default are unknown to the party requesting the entry of default ... the application for entry of default shall so state." She reasons that because she did not know the apartment number where Appellee lived, under Appellee's argument, she could have stated this in the application for entry of default and no notice would have been required at all. However, because Appellant admits and the facts show she did know Appellee's employment "whereabouts," that subsection is inapplicable.

**3.** "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties." *Cockerham v. Zikratch,* 127 Ariz. 230, 234–35, 619 P.2d 739, 742–43 (1980). "A voidable judgment is one in which the court has jurisdiction over the subject matter and parties but is otherwise erroneous and subject to reversal." *State v. Cramer,* 192 Ariz. 150, 153, ¶ 16, 962 P.2d 224, 227 (App.1998).

cussed the 1985 amendment to Rule 55(a) that required notice to the defaulting party of the pending entry of default after the expiration of ten days, and noted that prior to the 1985 amendment, other than the summons, a defaulting party would not receive notice that a default judgment was to be entered and that "lack of notice was frequently a basis for motions to set aside the entry of default." *Id.* at 189, 836 P.2d at 402. The court stated that "the amended rule gives the defaulting party an automatic second chance ... *to prevent the default from becoming effective.*" Thus, "[t]he amended rule virtually eliminates any claim of lack of notice as a basis for setting aside a default." *Id.* at 189–90, 836 P.2d at 402–03. (Emphasis added.) Finally, the court opined that "all equitable considerations having been encompassed in the amendment, once the 10–day grace period has passed, ... the defaulting party who fails to timely answer or otherwise defend *after receiving notice provided in the summons, plus the application for entry of default,* will have greater difficulty in showing that such failure was the result of excusable neglect." *Id.* at 190, 836 P.2d at 403 (emphasis added.)

¶ 21 With these considerations in mind, we conclude that the notice requirement of Rule 55(a)(1)(i) must be satisfied in order to trigger the running of the ten-day period in Rule 55(a)(2) for entry of default. To claim otherwise would defeat the purpose of the amendment. Without such notice, the ten-day grace period does not begin to run, the entry of default is ineffective, and the default judgment is void. Therefore, we agree with the trial court that the entry of default never became effective and that the resulting default judgment was void. The trial court therefore was required to set it aside under Rule 60(c)(4).

### Attorney's Fees and Costs

¶ 22 Both parties have requested costs and attorney's fees pursuant to A.R.S. §§ 12–341 and 12–341.01 (2003). In light of our decision, this case is not over. Therefore, in our discretion, we decline to award attorney's fees. However, we award Appellee her costs on appeal subject to compliance with Arizona Rule of Civil Appellate Procedure 21. *See Nangle v. Farmers Ins. Co. of Ariz.,* 205 Ariz. 517, 523, ¶ 34, 73 P.3d 1252, 1258 (App. 2003) (prevailing party entitled to costs even though litigation will continue in trial court.)

### CONCLUSION

¶ 23 For the forgoing reasons, we affirm the order of the trial court setting aside the entry of default and default judgment and remand for further proceedings.

CONCURRING: MICHAEL J. BROWN, Presiding Judge, and JON W. THOMPSON, Judge.