330 P.3d 371

**In re the Marriage of Michelle Marie SMITH, Petitioner/Appellee,**

v.

**Greg Roland SMITH, Respondent/Appellant.**

**No. 1 CA–CV 13–0330.**

Court of Appeals of Arizona, Division 1.

June 24, 2014.

---

Fennemore Craig, P.C., Phoenix By Alexander R. Arpad, Co–Counsel for Petitioner/Appellee.

Rowley Chapman Barney & Burtrock, Ltd., Mesa By Joshua R. Boyle, Co–Counsel for Petitioner/Appellee.

Rubin & Samuels PLC, Phoenix By Michael S. Samuels, Counsel for Respondent/Appellant.

Presiding Judge SAMUEL A. THUMMA delivered the decision of the Court, in which Judge JOHN C. GEMMILL and Judge RANDALL M. HOWE joined.

## OPINION

THUMMA, Judge.

¶ 1 This procedurally unusual case involves a dispute over spousal maintenance required by a decree of dissolution entered by default in 2004. Years later, after terminating the spousal maintenance obligations of Greg Smith (Father), the superior court found Father waived his right to seek recovery of prior spousal maintenance payments from Michelle Smith (Mother), citing Arizona Rule of Family Law Procedure 29. Because Rule 29 does not bar Father's request for recovery, the ruling to the contrary is vacated and this matter is remanded for further proceedings.

## FACTS[1] AND PROCEDURAL HISTORY

¶ 2 In August 2003, Mother filed a Petition for Dissolution of Marriage. As relevant here, the Petition stated "the parties agree that spousal maintenance is to be awarded" and requested spousal maintenance of $4,000 per month from the entry of the Decree of Dissolution until such time as Mother remarried.

¶ 3 Father signed a notarized Acceptance of Service, timely filed with the superior court, waiving formal service of process and acknowledging receipt of various documents, including the Summons and Petition "to which I decline to plead." In the Acceptance of Service, Father acknowledged that if he did "not agree with any relief asked for by [Mother], I must respond or Answer within 20 days from the day I signed the original of this Acceptance of Service." Father also acknowledged that failing to take such action "could result in the Court giving [Mother] any and all things requested in . . . her legal papers, through a Default . . . Decree."

¶ 4 When Father did not respond to the Petition, Mother filed an Application for Default, Affidavit of Default and Entry of Default, declaring she had mailed a copy of her filings to Father. When Father did not appear or respond to the filings, the superior court entered a Decree of Dissolution of Marriage by Default in a form Mother submitted. Along with dissolving the marriage and awarding joint legal custody of their child, this April 2004 Decree ordered Father to pay Mother $3,500 in monthly spousal maintenance. Although later claiming he received no notice of the Application for Default, Father states he "paid the spousal maintenance and substantially complied" with the Decree "for a period of years." By contrast, Mother alleges Father "paid the required spousal maintenance for approximately one year and then began decreasing the amount of money that he paid."

¶ 5 In 2010, Mother filed a Petition for Contempt and to Enforce Decree, claiming Father was not paying spousal maintenance and was $80,000 in arrears. Father filed a Petition to Terminate Spousal Maintenance, apparently asserting changed circumstances under Arizona Revised Statute (A.R.S.) section 25–327(A) (2014),[2] but without citing that statute. Father also filed a Motion for Relief from Decree pursuant to Rule 85(C), claiming Mother falsely declared years earlier that she had mailed the Application for Default to Father and, because she had not done so, his spousal maintenance obligation "was void" and should "be terminated immediately."

¶ 6 After an evidentiary hearing, in January 2011, the superior court found Mother had not properly mailed the Application for Default to Father. Relying on the requirement that a copy of an application for entry of default must be mailed to the defaulting party "[w]hen the whereabouts of the party claimed to be in default are known," Ariz. R. Civ. P. 55(a)(1)(i), the superior court found "the judgment establishing Father's spousal maintenance is void." Accordingly, the court granted Father's Motion for Relief and ter-

---

1. This court views the evidence in the light most favorable to upholding the superior court's judgment. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346 ¶ 5, 972 P.2d 676, 679 (App.1998).

2. Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

minated Father's spousal maintenance obligation. The court apparently treated Father's Petition to Terminate as moot and, in any event, did not grant it. The court denied Mother's Petition for Contempt and to Enforce Decree.

¶ 7 Because the Decree established Father's spousal maintenance obligation, the finding that "the judgment establishing Father's spousal maintenance is void" appears to have caused Mother and Father considerable anxiety. Mother moved for clarification, stating that she no longer "wish[ed] to pursue spousal maintenance" but did want "to know affirmatively" whether the divorce "as ordered in the ... Decree is considered valid and if not then how to make it valid." Father responded that he only sought "to terminate the judgment for spousal maintenance," adding that neither he nor Mother asked to vacate the Decree in any other respect. Mother's reply concluded that she "merely wishes to be assured that the parties are legally divorced with no future possibility that the divorce or any other provision of the Decree can be declared void." Mother's motion for clarification, however, was denied summarily.

¶ 8 Both the January 2011 ruling and the denial of Mother's motion for clarification were entered pursuant to Rule 81, signed by the superior court, filed with the clerk of court and appealable. No appeal was taken, however, and the time for such an appeal has long since passed.

¶ 9 In January 2012, Father filed a Petition for Enforcement of Decree seeking to recover from Mother the spousal maintenance he had previously paid. Mother argued Father had waived any right to seek recovery by failing to raise the issue in his Motion for Relief. After the case was assigned to a different superior court judge, in a November 2012 ruling denying the Petition for Enforcement, the court noted that Father's prior Motion for Relief

only requested that spousal maintenance be terminated. Father did not ask that any other aspect of the [D]ecree be set aside. Nor did Father seek that the entire [D]ecree be declared void. In fact, that is exactly what Father represented to the

Court was his position in response to Mother's Motion to Clarify ... If Father had intended to seek reimbursement of the spousal maintenance that he paid Mother under the [D]ecree, he should have pled that in his Motion for Relief. *See* Rule 29[ ]. Father has waived any right to seek such relief.

The superior court added that the "issue of maintenance has run its course and was finally litigated" in deciding the Motion for Relief.

¶ 10 Father timely appealed from the superior court's November 2012 ruling that he waived his right to seek reimbursement of spousal maintenance. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12–2101(A)(1), (5)(A).

## DISCUSSION

¶ 11 This court reviews the superior court's award of spousal maintenance for an abuse of discretion, viewing the evidence in a light most favorable to the court's order, and will affirm if there is any reasonable evidence to support the award. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 14, 972 P.2d 676, 681 (App.1998); *Martin v. Martin*, 156 Ariz. 440, 450, 752 P.2d 1026, 1036 (App. 1986). Legal issues, including whether a decree is void or voidable and the interpretation of court rules, are reviewed de novo. *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8, 282 P.3d 428, 432 (App.2012).

## I. The Decree Was Voidable, Not Void.

¶ 12 A key issue underlying this appeal is whether the Decree, which contains the spousal maintenance requirement, was void *ab initio* (in other words, void from the beginning) or merely voidable. As noted in territorial days, " '[p]robably no words are more inaccurately used in the books than "void" and "voidable." ' " *Kinney v. Lundy*, 11 Ariz. 75, 81, 89 P. 496, 499 (1907) (citation omitted). Stated simply, a void decree "is a nullity, is not entitled to enforcement and ... '[a]ll proceedings founded on the void [decree] are themselves regarded as invalid and ineffective for any purpose.' " *State v. Cramer*, 192 Ariz. 150, 153 ¶ 12, 962 P.2d 224, 227

(App.1998) (citations omitted). A voidable decree, by contrast, is subject to challenge, but is valid and enforceable until successfully challenged. *Id.* at 153 ¶ 16, 962 P.2d at 227.

█ ¶ 13 Further complicating matters, "the term 'void' is often misused," and as relevant here can mean two very different things. *Auman v. Auman*, 134 Ariz. 40, 42, 653 P.2d 688, 690 (1982) First, void can mean a decree that is invalid, or a nullity, from the beginning. *Cramer*, 192 Ariz. at 153 ¶ 12, 962 P.2d at 227. Second, void can mean the outcome of a successful challenge to a voidable decree, where a court declares void a decree that was valid and enforceable until successfully challenged. The question, then, is whether the Decree was void from the beginning, or merely voidable.

¶ 14 In terminating the spousal maintenance obligation based on Mother's failure to give Father proper notice of the Application of Default, the superior court relied on *Ruiz v. Lopez*, 225 Ariz. 217, 236 P.3d 444 (App. 2010). *Ruiz* provides crisp definitional distinctions of void and voidable decrees, albeit in the context of civil judgments:

> "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties." "A voidable judgment is one in which the court has jurisdiction over the subject matter and parties but is otherwise erroneous and subject to reversal."

225 Ariz. at 222 n. 3 ¶ 17, 236 P.3d at 449 n. 3 (quoting authority). Applying this dichotomy here, the superior court clearly had jurisdiction over the parties and the subject matter of the dispute when entering the Decree. Accordingly, although the Decree may have been voidable, it was not void, and was valid and enforceable until successfully challenged. *See id.; see also Tippit v. Lahr*, 132 Ariz. 406, 408, 646 P.2d 291, 293 (App.1982) (noting error of law does not render judgment void where court has jurisdiction over both subject matter and parties).

¶ 15 The superior court terminated Father's spousal maintenance obligation contained in the Decree. No other portion of the Decree was altered in any way, a point the superior court made plain when denying Father's Petition for Enforcement. Moreover, the parties have now avowed in writing to the superior court and this court that, other than final resolution of the spousal maintenance issue, they have no challenge to any other aspect of the Decree. *See also* A.R.S. § 25–325(A). In addition, no appeal was taken from the January 2011 ruling or the denial of Mother's motion for clarification, and the time for such appeals has passed. Accordingly, with the exception of the spousal maintenance obligation issues addressed in this appeal, the validity of the Decree has been finally resolved.

## II. Rule 29 Did Not Bar Father's Request For Recovery Of Spousal Maintenance.

█ ¶ 16 The superior court cited Rule 29 in finding Father waived any right to seek recovery of spousal maintenance by failing to raise the issue in his Motion for Relief. Father's Motion for Relief, however, was a motion not a pleading and, accordingly, was governed by Rule 35 ("Family Law Motion Practice"), not Rule 29 ("General Rules of Pleading").[3] Moreover, Mother cites no Rule 29 provision or case law construing Rule 29 suggesting that Father waived his request for recovery under that rule. Accordingly, Rule 29 does not support a finding that Father waived any right to seek recovery of spousal maintenance from Mother.[4]

¶ 17 Father's Petition for Enforcement cites no procedural basis for the relief sought. In addition, Father apparently paid at least some spousal maintenance for a period of years before raising the issue with the court, a course of conduct relevant to whether he can now properly seek recovery from

---

3. Rule 35, addressing Family Court motions and oral argument, is similar to Arizona Rule of Civil Procedure 7.1(a), (b), (d) and (e). Rule 29, addressing Family Court pleadings, is similar to Arizona Rule of Civil Procedure 8(a), (b), (d), (e) and (f). *See also* Rule 24 (defining pleadings allowed in Family Court).

4. Although arguing res judicata, Mother has not cited authority showing how that doctrine would preclude Father from seeking recovery after having prevailed on his Motion for Relief in the same action.

Mother. Moreover, as Mother notes, if the superior court finds Father did not waive any right to seek recovery of spousal maintenance, resolution of that issue may also include determining whether to affirm, increase or decrease the spousal maintenance awarded to Mother. Based on the appellate record, however, other than finding that Rule 29 does not preclude Father's request for recovery of spousal maintenance from Mother, this court cannot say definitively whether Father has waived that request.

## CONCLUSION

¶ 18 The Decree was voidable (not void) and, other than the issues pertaining to spousal maintenance described above, the parties have now waived any challenges they had to the validity of the Decree. That portion of the superior court's November 2012 ruling finding Father waived his request for recovery of spousal maintenance under Rule 29 is vacated and this matter is remanded for further consideration of Father's Petition for Enforcement and issues relating to spousal maintenance described above. This court denies Mother's request for attorneys' fees on appeal without prejudice to the superior court awarding fees upon resolution of the spousal maintenance issue on remand.