NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MACWCP II, LLC, a limited liability company, *Plaintiff/Appellee,*

*v.*

LEWIS H. ALTON, *Defendant/Appellant.*

No. 1 CA-CV 14-0552
FILED 1-12-2016

---

Appeal from the Superior Court in Maricopa County
No.  CV2013-092959
The Honorable David M. Talamante, Judge

**AFFIRMED**

---

COUNSEL

Kessler Law Offices, Mesa
By Eric W. Kessler
*Counsel for Plaintiff/Appellee*

Lewis H. Alton, Phoenix
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1        Defendant/Appellant Lewis H. Alton appeals the superior court's denial of his motion to set aside a default judgment obtained by Plaintiff/Appellee MACWCP II, LLC ("MACWCP").  For the following reasons, we affirm.[1]

## BACKGROUND

¶2        Alton failed to pay the taxes assessed on real property he owned in Maricopa County.  Pursuant to Arizona law, the county sold its resulting tax lien for the amount of the unpaid taxes to MACWCP.  *See* Arizona Revised Statutes ("A.R.S.") sections 42-17153, -18101.  After the statutory redemption period expired, *see* A.R.S. § 42-18152, MACWCP filed this action against Alton to foreclose the lien.

¶3        On August 1, 2013, a registered process server served Alton at the subject property with a copy of the summons, complaint, and arbitration certificate.  Within the hour, Alton emailed MACWCP's counsel, specifically mentioning the summons and stating he was "eager to learn what needs to be done to properly satisfy the requirements . . . ."  Counsel emailed Alton a list of the amounts owed to "resolve the pending lawsuit" and asked him to provide payment by August 23, 2013.  Alton did not make the requested payment and did not file an answer or other responsive pleading.[2]  MACWCP then filed an application for default and mailed it to Alton at the property address.  Alton did not respond and the court entered a default judgment against him.

---

[1]  On May 12, 2015, this court granted Appellee's motion to strike certain exhibits to the reply brief and references thereto in the reply brief, but deferred a ruling on Appellee's motion to strike arguments in the reply brief that it contended were beyond the scope of the answering brief and not part of the record on appeal.  We hereby grant the motion to strike and do not consider those arguments.

[2]  Alton also claimed that he was encouraged by MACWAP's counsel to make monthly payments to "ward off a legal action to foreclose."  He did not, however, provide any documents reflecting such an agreement.  Although Alton also claims to have sent several checks to MACWCP pursuant to the agreement, he acknowledges that no such checks were ever cashed.

**¶4**         Several months later, Alton moved to set aside the judgment pursuant to Arizona Rules of Civil Procedure ("Rule") 55(c) and 60(c). He argued that he had not been served with the complaint and did not receive notice of the application for default. The superior court denied the motion and Alton timely appealed.[3] We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶5**         Alton argues the superior court erred in denying his motion to set aside the judgment because his failure to answer the complaint constituted excusable neglect under Rule 60(c) and because MACWCP did not serve a copy of the application for default on Alton in violation of Rule 55(a)(1)(i). Alton also contends the court improperly based its decision on irrelevant property law principles.

## I.      Excusable Neglect

**¶6**         First, Alton contends his failure to answer or otherwise respond to the complaint constitutes excusable neglect. Alton argues he reasonably understood MACWCP's counsel's statement that there was a "pending lawsuit" to mean that no lawsuit had yet been filed.[4] MACWCP contends Alton waived this argument because he asserted in the superior court that the Rule 60(c) grounds for relief were MACWCP's "inadvertence, error or deceit" in failing to notify Alton of the proceedings, not Alton's

---

[3] Alton initially appealed from the court's unsigned minute entry ruling. The court later entered a signed ruling, which perfected Alton's appeal. *See* ARCAP 9.1 (2014); *Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011); *Barassi v. Matison*, 130 Ariz. 418, 421 (1981).

[4] In superior court, Alton argued MACWCP did not serve him with the summons and complaint in this action, and asserts in his reply brief that he has "steadfastly denied" receiving the summons and complaint. In his opening brief, however, Alton stated "[w]hether or not Alton was served is not at issue in this Appeal." Accordingly, he may be deemed to have abandoned this issue on appeal. Even if Alton has not abandoned the issue, however, the superior court did not abuse its discretion in determining that Alton failed to impeach the presumption of service by clear and convincing evidence. *See Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 194 (App. 1992).

own excusable neglect. Alton did, however, raise this issue in the superior court when he claimed that counsel's use of the word "pending" misled him regarding whether a lawsuit had been commenced. We will therefore address the merits of Alton's argument.

¶7 Rule 60(c) allows a court to grant relief from judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect." "The standard for determining whether conduct is 'excusable' is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *Aileen H. Char Life Interest v. Maricopa Cnty.*, 208 Ariz. 286, 299, ¶ 40 (2004) (citation omitted). We review the court's denial of Alton's Rule 60(c) motion for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985); *Ruiz v. Lopez*, 225 Ariz. 217, 220, ¶ 8 (App. 2010).

¶8 The superior court did not abuse its discretion by concluding Alton's failure to respond to the lawsuit was not excusable. MACWCP's counsel's email set forth the payments necessary to resolve the "pending" lawsuit. Although Alton contends he interpreted the email to refer to a forthcoming or "potential" lawsuit, he had already been served with the summons and complaint in this matter when he received the email. Thus, he should have known MACWCP had filed a lawsuit against him. His interpretation of counsel's use of the word "pending" was therefore not reasonable. Accordingly, we affirm the superior court's denial of Alton's motion for relief from judgment on the grounds of excusable neglect.

## II.    Notice of Application for Default

¶9 Alton next argues the superior court abused its discretion by refusing to set aside the judgment because he did not receive notice of MACWCP's application for default. *See* Ariz. R. Civ. P. 55(c), 60(c). Rule 55(a)(1)(i) requires a copy of an application for default be mailed to the party claimed to be in default when his or her whereabouts are known. MACWCP's counsel avowed that he mailed a copy of the application for default to Alton at the property address, and there is no evidence that it was returned. Alton denies that he received the application and argues that MACWCP should have known he would not receive the application at the property because it had previously sent certified mail to him at that address that went unclaimed.

¶10 We find no abuse of discretion in the superior court's implicit determination that MACWCP's mailing of the application for default to the property address, where Alton had been served personally some months

before, satisfied the requirements of Rule 55(a)(1)(i). *See Ruiz*, 225 Ariz. at 221–22, ¶¶ 13, 15 (noting the place where defendant was served with the summons and complaint qualified as her "whereabouts" for purposes of Rule 55(a)(1)(i)). Accordingly, the superior court properly rejected Alton's motion to set aside judgment on this ground.

### III.    Property Rights Principles

**¶11**          Finally, Alton argues the superior court abused its discretion by allowing irrelevant property rights principles to improperly influence the motion to set aside the judgment. At oral argument on the motion, the court discussed with the parties whether, in light of MACWCP's transfer of the property to a purchaser for value, Alton could redeem the property if the court set aside the judgment. The court also asked whether Alton would have an action against MACWCP for wrongful foreclosure, but after reviewing the complaint said: "Never mind. My question is misplaced. The only Complaint we have is the Tax Lien. Never mind."

**¶12**          The court ultimately found Alton had notice of the complaint and denied his motion to set aside the judgment for that reason. In making this determination, the court stated it would take "no position on whether or not [Alton] has any other causes of action that may survive for—or toward the quiet title as he expressed, that issue's not before the Court, so I'm not going to make any rulings on those issues." Accordingly, we find no abuse of discretion and reject Alton's argument.

### CONCLUSION

**¶13**          For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama

5