NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

MARIA MOYE, *Petitioner/Appellee*,

*v.*

ERNEST K. MOYE, *Respondent/Appellant*.

No. 1 CA-CV 16-0395 FC
FILED 4-6-2017

Appeal from the Superior Court in Maricopa County
No. FC2009-004917
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Wong Carter PC, Phoenix
By Matthew A. Klopp, Eric M. Moores
*Counsel for Petitioner/Appellee*

Ernest K. Moye, Tempe
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

¶1 Ernest K. Moye (Father) appeals from the family court's order reducing his parenting time and directing him to pay child support to Maria Moye (Mother). For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Father and Mother divorced by consent decree in 2010. At the time, the parties had two minor children, one of whom is now emancipated. Since entry of the decree, the parties have "had frequent disputes regarding the child that have necessitated significant involvement by the court." The current appeal arises out of Mother's 2015 petition to modify legal decision-making authority, parenting time, and child support for the parties' remaining minor child (Child). In the petition, Mother requested sole legal decision-making authority and that she be designated the primary residential parent. At the time, the parties shared joint legal decision-making authority and equal parenting time on a week-on/week-off schedule.

¶3 The family court held an evidentiary hearing on Mother's petition in May 2016; both parties were present and testified. After taking the matter under advisement, the court issued an order awarding the parties joint legal decision-making authority, designating Mother as the primary residential parent, and reducing Father's parenting time to alternating weekends and one evening per week. Thereafter, the court calculated child support in accordance with the Arizona Child Support

---

[1] We view the facts in the light most favorable to upholding the family court's judgment. *See Smith v. Smith*, 235 Ariz. 181, 183 n.1, ¶ 1 (App. 2014) (citing *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998)).

Guidelines (Guidelines), Ariz. Rev. Stat. (A.R.S.) § 25-320 app.,[2] and directed Father to pay $638.59 per month. Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

¶4 On appeal, we review the family court's rulings on parenting time and child support for an abuse of discretion. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013) (parenting time) (citing *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002)); *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983) (child support) (citing *Bender v. Bender*, 123 Ariz. 90, 94 (App. 1979)). An abuse of discretion occurs "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).

## I. Parenting Time

¶5 Father first argues the family court abused its discretion by failing to find "significant or extra ordinary circumstances to change Parenting Time pursuant to A.R.S. [§] 25-403."

¶6 However, the law does not require a family court to find a "significant or extra ordinary circumstance[]" before modifying an existing parenting time order; a change may be made based upon any "material change in circumstances affecting the welfare of the child." *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994) (citing *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982)). Here, the court found a substantial and continuing change in circumstances justifying modification. Specifically, the court found Child "had a break down in November [2015] and appeared at that time to be genuinely fearful of Father."

¶7 Section 25-403(B) further requires the family court to make specific findings on the record regarding all factors relevant to the child's best interests prior to making a modification. With regard to Child's best interests here, the court found: (1) Child had "expressed through several different sources his fear of Father," (2) Father "lack[ed] insight as to how anger and a raised voice can be quite fearful to a child," (3) Father no longer speaks with the parties' emancipated daughter because of a conflict that occurred when she was sixteen or seventeen, (4) "no matter what issue was

---

[2] Absent material changes from the relevant date, we cite a statute's current version.

presented to Father, he displayed an amazing ability to deflect the issue off himself and place blame on others," and (5) "should Father continue to fail to recognize how his reactions and actions are perceived by others, his relationship with [Child] may be permanently damaged." Based upon these findings and others, the court reduced Father's parenting time to alternating weekends and one evening per week.

¶8            Documents in the record support these findings. Moreover, because Father failed to provide this Court with a transcript of the evidentiary hearing, we presume the evidence at the hearing "was sufficient to sustain the [family] court's conclusion[s]" that the requisite change in circumstances occurred and the modification was in Child's best interests. *Fletcher v. Fletcher*, 137 Ariz. 497, 498 (App. 1983) (citing *Bryant v. Thunderbird Acad.*, 103 Ariz. 247, 249 (1968)); *see also* ARCAP 11(c)(1)(B) (requiring the appellant to order and provide transcripts of the trial court proceedings if he intends to argue that a "judgment, finding or conclusion[] is unsupported by the evidence or is contrary to the evidence"). On this record, we cannot say the court abused its discretion in reducing Father's parenting time.

## II.    Child Support

¶9            Father next argues the family court's "method of determination for Child Support" was in error.

¶10           The Guidelines "establish a standard of support for children consistent with their reasonable needs and the ability of parents to pay by providing a formula for calculation of child support based, in significant part, on the parties' gross incomes." *Mead v. Holzmann*, 198 Ariz. 219, 220, ¶ 5 (App. 2000) (citing Guidelines §§ 1, 6-11). The record reflects the family court calculated child support in accordance with the Guidelines using the parties' respective incomes as stated in their tax returns and/or W-2 forms. The court was thereafter required to order the noncustodial parent — Father — to pay his proportionate share of the total obligation, *see* Guidelines § 14, and did not err in doing so.

¶11           Father also argues Mother "submitted false financial information." But the documents in the record support Mother's reported income and the court's reliance upon the figures provided. We presume further support exists within the transcript. *See supra* ¶ 8. Moreover, Father had an opportunity to cross-examine Mother regarding her Affidavit of Financial Information, her tax returns, and her W-2 form and to present

evidence rebutting her stated income. On this record, we find no abuse of discretion.

## III. Due Process

**¶12** Finally, Father argues his due process rights were violated because the parties did not participate in mediation prior to the evidentiary hearing. Father argues, pursuant to a prior 2014 order, "each party was explicitly ordered to utilize[] Court Conciliation Services [to] resolve any disputes before seeking relief from the Court." We find no violation here.

**¶13** First, although the prior order did direct the parents, "[e]xcept in an emergency or when addressing a time-sensitive issue, . . . [to] participate in mediation through a private mediator or through this Court's Conciliation Services to resolve any disputes, problems, or proposed changes regarding legal decision-making or parenting time before seeking further relief from the Court," Father never filed a request for mediation or a motion to enforce the 2014 order. He may not rightfully assert error premised upon his own failure to comply with the order he now claims is controlling. *See Schlecht v. Schiel*, 76 Ariz. 214, 220 (1953) ("By the rule of invited error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error."), *abrogated in part on other grounds as recognized in A Tumbling-T Ranches v. Paloma Inv. Ltd. P'ship*, 197 Ariz. 545, 552, ¶ 23 (App. 2000).

**¶14** Second, it is clear from how Mother initially styled her petition — as a "motion for post-decree temporary order without notice for modification of legal decision-making and parenting time" — she believed the issue to be time-sensitive. Therefore, the conciliation provisions of the prior order did not apply.

**¶15** Third, in asserting the violation of constitutional protections it needs be recognized that the Due Process Clause entitles a parent to "notice and an opportunity to be heard at a meaningful time in a meaningful manner," as well as a right "to offer evidence and confront adverse witnesses" when custodial rights to a child are at issue. *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006) (citing *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106-07, ¶ 20 (App. 1999)); *Smart v. Cantor*, 117 Ariz. 539, 542 (1977) (citing *Stanley v. Illinois*, 405 U.S. 645, 657 (1972)). The record reflects Father was provided ample notice of the hearing on Mother's petition. In addition, the hearing provided Father the opportunity to be heard, offer evidence, and confront Mother. Accordingly, Father was not deprived of due process.

## CONCLUSION

¶16        The family court's orders are affirmed.

¶17        Mother requests an award of attorneys' fees on appeal pursuant to A.R.S. §§ 12-349 and 25-324. Section 25-324(A) directs us to examine the relative financial resources of the parties and the reasonableness of their positions. In this case, Father's income is greater than Mother's, and although Father argues on appeal that the evidence does not support the family court's rulings, he failed to provide us with a transcript of the hearing that would permit meaningful review of his claims. Accordingly, in our discretion, we award Mother her reasonable attorneys' fees and costs on appeal subject to compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED: AA