NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ARAPAHO LLC TESCO AS CUSTODIAN, *Plaintiff/Appellee,*

*v.*

CHRISTINE M. SEARLE, *Defendant/Appellant.*

No. 1 CA-CV 22-0478
FILED 2-9-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2021-012279
The Honorable Gary L. Popham, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Hymson Goldstein Pantiliat & Lohr, PLLC, Scottsdale
By John L. Lohr, Jr. and Jackson D. Hendrix (argued)
*Co-Counsel for Plaintiff/Appellee*

Snell & Wilmer L.L.P., Phoenix
By Andrew M. Jacobs (argued), Cory L. Braddock, and Emily R. Parker
*Co-Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

**¶1**          Christine M. Searle appeals from the superior court's denial of her motion to set aside the default judgment. Because the superior court did not abuse its discretion, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Searle failed to pay taxes assessed on real property she owned in Gilbert ("Gilbert property"). Arapaho, LLC Tesco as Custodian ("Arapaho") bought the 2015 and 2016 tax lien certificates on the Gilbert property.

**¶3**          In January 2021, Arapaho began a foreclosure action on the 2016 tax lien. Arapaho mailed the foreclosure notice to the Gilbert property because the Maricopa County Assessor and Treasurer listed the Gilbert property address as Searle's mailing address. *See* A.R.S. § 42-18202. Someone at the Gilbert property signed and acknowledged receipt of the foreclosure notice.

**¶4**          Later, Arapaho filed a complaint to foreclose the 2016 tax lien. Trying to serve Searle, Arapaho's counsel identified a Tucson address ("Tucson property") "through online research as an address that might be connected to Ms. Searle." A process server tried to effect service using the Tucson property's address five times but could not gain access.

**¶5**          Arapaho eventually completed service at the Gilbert property through a resident who knew Searle. Searle's son contacted Arapaho's counsel after service. They discussed the status of the 2015 and 2016 tax liens over email. According to Arapaho's counsel's sworn declaration, Searle's son redeemed the 2016 tax lien on Searle's behalf. In August 2021, Arapaho sent a letter to the Gilbert property requesting payment of attorney's fees, and someone signed to confirm receipt.

**¶6**          In June 2021, Arapaho mailed notice of its intent to foreclose on the 2015 tax lien to the Gilbert property's address. This notice was

marked "return to sender," and the letter's recipient noted on the envelope that the "Property is Rented." But in a sworn declaration, Searle's son stated he lived at the Gilbert property starting in February or March 2021, and he "receive[d] and review[ed] any mail delivered to the Property."

¶7 In August 2021, Arapaho filed to foreclose on the Gilbert property's 2015 tax lien. Arapaho tried to serve Searle at the Gilbert property but failed. The process server reported that when attempting service, "a truck known to belong to Searle or [her son] was in the driveway." After searching social media, Arapaho discovered that Searle frequented a horse-training stable in Tucson ("Tucson stable"). Searle's counsel confirmed at the oral argument in the trial court that Searle worked at the Tucson stable caring for the horses. Arapaho personally served Searle at the Tucson stable in late August.

¶8 In September, Arapaho applied for a default judgment, alleging Searle failed to plead or defend against the judicial foreclosure claim timely. Arapaho mailed copies of the application for entry of default judgment to the address for the Tucson stable and the Gilbert property's address.[1] After a default hearing, the superior court entered a default judgment against Searle, finding that she received proper notice and failed to answer or appear.

¶9 In late March 2022, Searle moved to set aside the default judgment under Arizona Rule of Civil Procedure 60(b)(4), arguing the judgment was void because Arapaho "failed to mail the application for entry of default to Searle's known whereabouts as required by [Arizona Rule of Civil Procedure] 55(a)(3)(A)." She claimed Arapaho should have mailed the application to the Tucson property, along with the Gilbert property. Arapaho responded that the judgment was not void because it fully complied with Rule 55 by mailing the application to the Gilbert address and the Tucson stable. Searle replied that Arapaho knew she resided at the Tucson property and thus needed to mail the application to the Tucson property's address to comply with Rule 55(a)(3)(A) to provide Searle with the "best notice practicable under the circumstances."

---

[1] Before the superior court, Searle disputed that Arapaho mailed the application to the Gilbert property's address. But the superior court found that Arapaho did mail the application to the Gilbert property, and Searle does not challenge this finding on appeal.

¶10 After oral argument, the superior court denied the motion to set aside. The court found that "Arapaho complied with the notice requirements" by mailing the application to the Gilbert property and the Tucson stable. The court noted that the Gilbert property's address was Searle's identified mailing address, Arapaho successfully delivered mail there in January and August 2021, and Arapaho successfully used this address to reach Searle's son and discuss the tax liens on the property. Moreover, Arapaho had served Searle at the horse stable, a place she frequented. The court found that Arapaho complied with Rule 55 by mailing notice to the Gilbert property and the Tucson stable because those properties' "addresses were known whereabouts where Plaintiff Arapaho successfully had found and communicated with Defendant Searle in the months leading up to Arapaho's filing of its [application]."

¶11 The court rejected Searle's argument that Rule 55(a)(3)(A) required Arapaho to mail the application for entry of default to the Tucson property. It reasoned that Arapaho "never successfully found" Searle at the Tucson address. Moreover, citing *Ruiz v. Lopez*, 225 Ariz. 217 (App. 2010), the court noted that a person's known "whereabouts" are not "limited to a defendant's residence."

¶12 Searle appealed. We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶13 Searle contends that because Arapaho did not mail notice to the Tucson address, the superior court should have set aside the default judgment as void under Rule 60(b)(4). But we conclude the superior court correctly denied Searle's motion to set aside the default judgment because Arapaho complied with Rule 55(a)(3)(A).

¶14 We review the denial of a motion to set aside a judgment for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). "[W]e defer to the superior court's factual findings, and will not set them aside unless they are clearly erroneous." *Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 6, ¶ 15 (App. 2018) (quoting *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018)).

¶15 A party seeking to enter default judgment must provide notice to the party claimed to be in default. Ariz. R. Civ. P. 55(a)(3). "If the party requesting the entry of default knows the whereabouts of the party claimed to be in default, a copy of the application for entry of default must be mailed to the party claimed to be in default." Ariz. R. Civ. P. 55(a)(3)(A).

"A party should receive the best notice practicable under the circumstances." *Ruiz*, 225 Ariz. at 221, ¶ 15. If the party seeking default fails to satisfy the notice requirements, the resulting judgment is void, and the court will set aside the default judgment. *Id.* at 222, 223, ¶¶ 18, 21. When challenging the judgment, the moving party must establish that the judgment should be set aside. *Miller v. Nat'l Franchise Servs., Inc.*, 167 Ariz. 403, 406 (App. 1991).

**¶16**      We consider two policies when reviewing a motion to set aside a default judgment. First, "if the trial court has doubt about whether to vacate a default judgment, it should rule in favor of the moving party." *Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶ 11 (2018) (quoting *Daou v. Harris*, 139 Ariz. 353, 359 (1984)). But "[t]here is also, however, a principle of finality in proceedings which is to be recognized and given effect." *Id.*

**¶17**      In *Ruiz v. Lopez*, we held that in the context of Rule 55,[2] the "whereabouts" of a party means "a particular or specific 'place' where that person can be found or located." *Ruiz*, 225 Ariz. at 221, ¶ 13. For example, a private mailbox qualifies as a person's known whereabouts if the "defendant regularly used that box for multiple purposes and mail was reasonably calculated to reach her there." *See id.* (citing *Barlage v. Valentine*, 210 Ariz. 270, 276, ¶¶ 22–23 (App. 2005)); *see also Advanced Prop. Tax Liens, Inc. v. Coquina Prop. Invs., LLC*, 2 CA-CV 2021-0045, 2021 WL 5027453, at *2, ¶ 7 (Ariz. App. Oct. 29, 2021) (mem. decision) (A post office box qualified as the defendant's "whereabouts" because the county assessor listed the address as the defendant's mailing address, and the plaintiff previously sent mail there and received a return receipt confirming delivery.).

**¶18**      Moreover, "because [Rule 55] refers to 'whereabouts' rather than to [a] residential or home address, it contemplates the possibility of mailing a notice to some other 'place' where the party can be found." *Ruiz*, 225 Ariz. at 222, ¶ 15. Thus, we have held that mailing a notice to a defendant's place of employment can satisfy the notice requirements if the defendant had been served there. *Id.* at 220, 221, ¶¶ 6, 13; *see also MACWCP II, LLC v. Alton*, 1 CA-CV 14-0552, 2016 WL 126281, at *2, ¶ 10 (Ariz. App. Jan. 12, 2016) (mem. decision) (Mailing the application for default to the

---

[2]      *Ruiz* discusses Arizona Rule of Civil Procedure 55(a)(1)(i). But Rule 55 has since been amended, and the notice requirements are now found in Arizona Rule of Civil Procedure 55(a)(3). For purposes of this decision, no material differences exist between the two versions.

property address was sufficient because the property owner had been served there.).

## A. The Superior Court Did Not Err by Finding that the Gilbert Property and the Tucson Stable Were Searle's Known Whereabouts.

**¶19** The Gilbert property was one of Searle's known whereabouts. Searle owned the Gilbert property and listed the address as her mailing address with the Maricopa County Assessor and Treasurer. *See Coquina*, 2 CA-CV 2021-0045, at *2, ¶ 7. The property was the subject of the foreclosure, and Arapaho had completed service using the Gilbert property's address. *See MACWCP II*, 1 CA-CV 14-0552, at *2, ¶ 10. Arapaho had successfully mailed letters there and reached Searle's son by using the address. *See Coquina*, 2 CA-CV 2021-0045, at *2, ¶ 7. Because the Gilbert property's address was on public record as Searle's mailing address, and the parties communicated through that address, Rule 55(a)(3)(A) required Arapaho to mail a copy of the default application to Searle at the Gilbert property's address. *See Ruiz*, 225 Ariz. at 221, ¶ 13.

**¶20** Even so, Searle asserts that sending mail to the Gilbert property's address, not the Tucson property's address, was unreasonable. She argues that the "return to sender" letter supports her position. Searle did not raise this argument before the superior court when Arapaho referenced the same letter to cast doubt on Searle's son's credibility. And Searle's argument discounts that Arapaho successfully delivered mail to this address both before and after the returned letter. Also, Searle's son resided at the property when Arapaho sent both the returned letter and the notice of the default application, and he declared he received and reviewed Searle's mail while living there. We conclude that the trial court did not abuse its discretion by finding that the Gilbert property's address was one of Searle's known whereabouts in September 2021.

**¶21** The Tucson stable was also one of Searle's known whereabouts at that time. Searle frequented the stable, she worked there, and Arapaho personally served Searle there. *See Ruiz*, 225 Ariz. at 220, 221, ¶¶ 6, 13; *MACWCP II*, 1 CA-CV 14-0552, at *2, ¶ 10. We agree with the superior court that the Tucson stable was a place where Searle could be found or located. *Ruiz*, 225 Ariz. at 221, ¶ 13.

**¶22** The superior court correctly found that the Gilbert property and the Tucson stable were Searle's known whereabouts under Rule 55(a)(3). *See Ruiz*, 225 Ariz. at 221, ¶ 15.

**B.     The Superior Court Correctly Found that Arapaho Satisfied Rule 55(a)(3) by Mailing the Application to the Gilbert Property and the Tucson Stable.**

**¶23**        Searle contends that to achieve the "best notice practicable under the circumstances," Arapaho needed to mail the notice to all three locations: the Gilbert property, the Tucson stable, and the Tucson property. Searle's counsel suggested at oral argument in the superior court that Arapaho should have mailed notice "to every address [it] could possibly find for [Searle]." But Rule 55(a)(3) does not require a party to send notice to every location where the defaulting party might appear. Instead, Rule 55(a)(3)(A) requires a claimant to mail an application for entry of default to the defaulting party's known whereabouts, which is "a particular or specific 'place' where that person can be found or located, not a 'general area or locale' where she might be possibly found." *Ruiz*, 225 Ariz. at 221, ¶ 13.

**¶24**        Searle contends the superior court abused its discretion by finding that Arapaho did not know Searle could be located at the Tucson property. Granted, the process server listed the Tucson property's address as Searle's home address in its affidavit of non-service after attempting service of a prior lawsuit in March 2021. Counsel explained that it identified the Tucson address as a possible connection to Searle, and it was standard practice for them to send process servers to all potential addresses they found online. But a process server unsuccessfully sought to access the gated community where the Tucson property is located five times and could not otherwise find Searle or anyone who knew Searle. There is little record evidence supporting Searle living at the Tucson address or being present in September 2021. The declaration that Searle submitted in support of her March 2022 motion to set aside the default judgment states only, "I reside at [the Tucson property's address]." The declaration does not show where Searle resided six months prior, in September 2021, when Arapaho needed to comply with Rule 55(a)(3)(A). There is scant, if any, other evidence from which the superior court could have found that Searle was located at the Tucson property in September 2021. *See Ruiz*, 225 Ariz. at 221, ¶ 13. Thus, the superior court correctly found that the Tucson property was not one of Searle's known whereabouts under Rule 55(a)(3).

**¶25**        Because the Gilbert property and the Tucson stable were Searle's known whereabouts in September 2021, and the Tucson property was not one of her known whereabouts, we conclude that Arapaho complied with Rule 55(a)(3)(A) by mailing its application for entry of default to the Gilbert property and the Tucson stable. We, therefore, affirm

the superior court's denial of Searle's motion to set aside the default judgment under Rule 60(b)(4).

## ATTORNEY'S FEES AND COSTS

**¶26** Arapaho requests attorney's fees under A.R.S. § 12-349. Because Arapaho fails to show how Searle brought a claim "without substantial justification" or otherwise unjustifiably acted as described by the statute, we decline this request. *See* A.R.S. § 12-349. Arapaho is entitled to appellate costs upon compliance with ARCAP 21.

## CONCLUSION

**¶27** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA